**GOVERNMENT OF THE VIRGIN ISLANDS**
**Ex Rel. Paulette E. Hodge Delerme, Plaintiff**

v.

**WALTER I. M. HODGE, Defendant**

Civil No. 67/1976

District Court of the Virgin Islands

Div. of St. Croix

October 27, 1977

LUCIA A. GALIBER, ESQ., Assistant Attorney General (Department of Law), Christiansted, St. Croix, V.I., *for plaintiff*

EDWARD J. OCEAN, ESQ., Christiansted, St. Croix, V.I., *for defendant*

SILVERLIGHT, *Judge*

#### MEMORANDUM OPINION AND ORDER

This matter came before the Court on August 26, 1977, on the Government's Rule to Show Cause why respondent should not be held in contempt for failure to comply with the Order heretofore entered by the Municipal Court on October 6, 1976, on the Government's motion to amend the aforesaid Order of October 6, 1976,[1] and on the respondent's cross motion for Reconsideration of an Assignment of Pension Payments.[1] The Honorable Raymond L. Finch, sitting as Judge of the District Court of the Virgin Islands by designation on that date, disposed of the Rule to Show Cause and continued the matter to September 16, 1977, for disposition of the remaining motions.

On September 16, 1977, the writer, sitting by designation as District Court Judge, heard the continued matter, at which time the Government urged that the Rule to Show Cause had not been finally determined and respondent urged that it had been so concluded. In order to establish what remained before it, this Court reserved decision on all matters and obtained a transcript of the appropriate portion of the proceedings of August 26, 1977.

■ The Court will deal with the respondent's motion first since it is the more complex issue. The substance of respondent's argument is that the assignment of pension

---

[1] Although these motions are incorrectly titled in the Territorial Court, the Court will deal with them as if they were titled in the District Court.

proceeds is in violation of 3 V.I.C. 725,[2] 24 V.I.C. 255,[3] 24 V.I.C. 305 (*l*),[4] and 34 V.I.C. 13,[5] and is therefore unenforceable. The latter three statutes deal with Workmen's Compensation benefits, unemployment insurance benefits and social welfare assistance respectively, all of which, on their face, are patently inapposite to the case at bar. The Workmen's Compensation law has, as its underlying purpose, the protection of a worker who, because of suffering a work-connected injury, is deprived of his ability to continue working, and also to compensate him for his permanent disability. The Unemployment Insurance Benefits law is a part of Chapter 12 of Title 24 of the Virgin Islands Code and has as its purpose,

 . . . The systematic accumulation of funds during periods of em-

---

[2] § 725. Exemption of rights from legal process; unassignability
 The rights of a person to any annuity or benefit or right accrued or accruing to any person under the provisions of this chapter and the various moneys in the system created by this chapter, are hereby exempted from levy and sale, garnishment, attachment, or any other legal process whatsoever, and shall be unassignable except as in this chapter specifically otherwise provided.

[3] § 255. Assignment or waiver of compensation; exemption from execution, etc.; priority as lien
 No assignment of compensation, or release, sale or conveyance of compensation due or payable under this chapter shall be valid, and such compensation shall be exempt from levy, execution and attachment, which exemption shall not be waived. Compensation shall constitute a first priority lien against the assets of an employer. No agreement by any employee to waive his right to compensation under this chapter shall be valid.

[4] § 305(*l*). Assignment of benefits
 Any assignment, pledge, or encumbrance of any right to benefits which are or may become due or payable under this chapter shall be void; and such rights to benefits shall be exempt from levy, execution, attachment, order for the payment of attorney fees, or any other remedy whatsoever provided for the collection of debts; and benefits received by any individual so long as they are not mingled with other funds of the recipient, shall be exempt from any remedy whatsoever for the collection of all debts, except debts incurred for necessaries furnished to such individual or his spouse or dependents during the time when such individual was unemployed. Any waiver of any exemption provided for in this subsection shall be void.

[5] § 13. Public assistance not assignable
 Public assistance granted under this chapter shall not be transferable or assignable at law or in equity, and none of the money paid or payable under this chapter shall be subject to execution, levy, attachment, garnishment, or other legal process, or to the operation of any bankruptcy or insolvency law.

ployment from which benefits may be paid for periods of unemployment [which] would sustain the morale and conserve the skills and standards of living of those who became unemployed, by enabling them to meet their essential expenses for a reasonable period until they are able to obtain suitable work. Essential consumer purchasing power would thereby also be maintained, thus helping to sustain the confidence of the community and the general level of economic activity. The Legislature therefore declares that, in its considered judgment, the public good and the general welfare of the people of the Virgin Islands require the enactment of this measure for the compulsory setting aside of reserves to be used for the *benefit of unemployed persons*. (Emphasis added.)

■ The Social Welfare Assistance law (Title 34, Virgin Islands Code, at Chapter 1) has as its underlying purpose aid to needy persons whose income is not sufficient to permit maintenance of a reasonable standard of health and well-being (34 V.I.C. 4). In none of these statutes is there any indication of a legislative intent to protect the interests of the family or the legal dependents of the recipient pensioner as is expressly stated in 3 V.I.C. 701(a) and (b), the first two paragraphs of the legislation creating the Employees Retirement System of the Government of the Virgin Islands. These two sections evince a clear and indisputable intention on the part of the legislature to protect not only the pensioner, but his family and dependents as well, by the use of the following language:

§ 701. System created

(a) There shall be and is hereby created a retirement and benefit system for officials and employees of the Government of the Virgin Islands *and for their dependents and beneficiaries,* for the payment of retirement annuities, disability annuities, and other benefits as provided herein to said officials and employees, *and to their dependents and beneficiaries,* after stated periods of service and upon fulfillment of certain conditions as hereinafter set forth.

(b) *The purpose of such system* is to encourage qualified personnel to enter and remain in the service of the Government of the Virgin Islands by establishing an orderly means whereby those

who become superannuated or otherwise incapacitated as the result of age or disability, may be retired from service without prejudice and without inflicting a hardship upon the employees retired, and to *enable such employees to accumulate reserves for themselves, their dependents and their beneficiaries,* to provide for old age, death, disability and termination of employment, thus promoting economy and efficiency in the administration of government. (Emphasis added.)

It is the considered opinion of this Court that the legislature did not intend to exempt the pension benefits of a pensioner from legal process issued to enforce or protect the rights of such pensioner's dependents or beneficiaries. To hold otherwise would render the emphasized language of 3 V.I.C. 701(a) and (b), supra, meaningless and of no consequence.

■ While it may be that there is no case law emanating from this jurisdiction on the specific question, and thus the matter appears to be one of first impression, I find more than adequate support in the case law dealing with protective clauses contained in similar retirement statutes, private pension plans, and in the Social Security Act.

A man's duty to support his family is one of the highest obligations on our social order. . . . The obligation is such that even though he may not be able to work, if he has other means, he is required to apply them equitably in the discharge of this duty. Thiel v. Thiel, 41 N.J. 446, 197 A.2d 354, 354 (1964).

This jurisdiction imposes the very same obligation upon a husband and father. Our public policy is enunciated in the language of 16 V.I.C. 342(1) and (2)[6] and 16 V.I.C. 352(a).[7] Furthermore, we must recognize that the basis of

---

[6] "§ 342. Persons obligated to support
 (a) The following are obliged to support each other—
 (1) husband and wife;
 (2) legitimate ascendants and descendants up to 18 years of age;
. . ."

[7] "§ 352. Priority of support judgment or order over other obligations
 (a) A judgment or order entered under this subchapter or pursuant to section 372 of subchapter II of this chapter against any person for

the motions before us is the unpaid child support, whether as a result of a final decree of divorce pursuant to 16 V.I.C. 109(2) (as in this case), or pursuant to 16 V.I.C. 342(2), and the result should be the same.

In an effort to fulfill his statutory duty, the duty created by the final decree of divorce and the duty imposed by public policy, respondent has voluntarily agreed to assign the proceeds of his pension to the extent of $270.00 per month to plaintiff for the support of his minor children.[8] No evidence has been presented which establishes a change of circumstances sufficient to warrant a modification of the Order of this Court entered on October 6, 1976. Therefore, the only remaining basis for intervention by this Court is the alleged illegality of the assignment.

It is axiomatic that the purpose of the Social Security Act is to provide economic support and assistance to eligible pensioners, their spouses and dependents. Thus, the purpose of the Social Security Act is, to a great extent, similar to the purpose of the "Employees Retirement System of the Government of the Virgin Islands" 3 V.I.C. 701(a), (b), and (c) and may be utilized as a tool in determining the scope of the prohibition against assignment,

---

the support of a dependent of that person shall take priority over all other financial obligations of said person, and shall be enforceable as such by the judgment creditor provided such judgment is filed pursuant to the requirements of Title 5, section 425 of the code." While this section deals with support orders arising out of the relationship of the parties rather than out of divorce proceedings, it is nevertheless indicative of the intention of the legislature in this area.

[8] The Order of this Court entered on October 6, 1976, recites, in pertinent part, that:

"Defendant appeared in his own proper person and admitted that the correct amount of arrears due plaintiff as of September 10, 1976 to be $2,860.00; and represented to the Court a willingness to pay off said amount at the rate of $270.00 per month by assigning his retirement pension through a wage assignment for payment of said arrearages. Upon plaintiff's acceptance of defendant's offer, it is hereby

ORDERED that the defendant assign over to plaintiff the sum of $270.00 per month in the form of a wage assignment commencing on March 1, 1977 to be paid over to the Collection Agent, Office of the Attorney General, Christiansted, St. Croix until the sum in arrears is paid in full.

FURTHER ORDERED that the Order to Show Cause to hold the defendant in contempt of court be and is hereby discharged."

levy, sale, garnishment, attachment or any other legal process whatsoever (3 V.I.C. 725 and 42 U.S. Code 407). In Brown v. Brown, 288 N.E.2d 852 (1972), the Ohio Court of Appeals was required to decide the applicability of the exemption provision of the Social Security Act (42 U.S. Code 407) to the issuance of legal process to enforce the payment of alimony. It held that the intent behind the exemption in the Social Security Act is to protect a person and those dependent upon him from the claims of creditors. A wife's request for alimony is different, however, from the claim of a creditor, and is unaffected by the exemption set forth in Section 407, Title 42, U.S. Code. The same rationale and holding was applied in Huskey v. Botts, 530 P.2d 1375, 1376 (Ct. of App., Okla., 1974) which cited Brown, supra, with approval. The same theory, applied to an exemption clause contained in a liability insurance policy, resulted in the same holding in Schlaefer v. Schlaefer, 112 F.2d 177 (D.C. Cir., 1940). In Thiel v. Thiel, 41 N.J. 446, 197 A.2d 354 (Sup. Ct. N.J., 1964), a case involving the right of attachment of pension funds created under a labor contract in similar circumstances, the court held, after reciting the New Jersey public policy regarding pensions[9] that:

Regardless of the precise and restrictive wording of an exemption provision, the restraint created should not be a barrier against recourse to the fund when it provides the only reasonable accessible asset for the support of the wife within the state of her residence. (Citation omitted.) The purpose of exemptions is to relieve the person exempted from the pressure of claims hostile not only to his own essential needs but also to those of his dependents. But the purpose cannot be one relieving him of familial obligations, perhaps destroying what may be the family's last and only security, short of public relief. The husband's duty is to share his pension benefits with his wife, and the courts of the state of her residence, if they have jurisdiction over the fund, ought to enforce

---

[9] See Fischer v. Fischer, 13 N.J. 162, 165–166, 98 A.2d 569 (1953).

that duty when there is no other reasonably practical means of obtaining support open to her within the state. Moreover, if we were to uphold his claim of exemption, we would "feed the husband and starve the wife." Wetmore v. Wetmore, 149 N.Y. 520, 529, 44 N.E. 169, 171, 33 L.R.A. 708 (Ct. App. 1896).

■ On the basis of the foregoing, this Court holds that the assignment here in issue is not prohibited by law, is clearly valid and enforceable and that the respondent's pension income is reachable by legal process in the nature of attachment, levy, garnishment or other court order, and is not protected by the general proscription of 3 V.I.C. 725. This holding, however, is restricted to applications by a spouse, beneficiary, or dependent of such a pensioner. Accordingly, respondent's motion for reconsideration must be denied.

There remains before the Court, then, the resolution of the Government's Motion to Amend the Order of the Municipal Court.

Because of the determination by this Court of the validity of the assignment in question, as well as its enforceability, no useful purpose would be served by amending the Order in the fashion requested. The Government may take such steps as it deems appropriate to require the Trustees of the Employees Retirement System of the Government of the Virgin Islands to conform to the holding of this Court.

The matter of the Rule to Show Cause alleged by the Government still to require disposition should now be laid to rest. The transcript of the proceedings of August 26, 1977,[10] is dispositive of that issue. There can be no doubt

---

[10] "THE COURT: He executed an assignment and gave it to the government. Here is the assignment. Now, if he turned over his proceeds and the government cannot comply with the terms of the assignment, that's not his problem. He has complied and I can't sit here and hold him in contempt. Vehicle of contempt requires a wilful act. He has complied. I believe the

that Judge Finch finally determined that respondent was not in contempt and discharged the Rule. Accordingly, that matter is not before this Court and may not be considered at this time.

### ORDER

The premises considered, it is

ORDERED, ADJUDGED AND DECREED that the Motion of the Government of the Virgin Islands to Amend the Order of the Municipal Court entered October 6, 1976, be and the same hereby is denied; and it is further

ORDERED, ADJUDGED AND DECREED that the Respondent's Motion for Reconsideration of an assignment be, and the same hereby is denied.

---

next time it comes up your motion should be filed for reconsideration or modification of the order.

MR. OCEAN: I came into this at the drop of a hat when I was told this thing. Somebody is not being advised properly.

THE COURT: You will be back, September 9th.

MR. OCEAN: With all these papers, I won't be able to.

THE COURT: September 16th."