## GOVERNMENT OF THE VIRGIN ISLANDS ex rel. RAPHAELA ALBANY, Relator

v.

## ELROY ANDREWS, Respondent

Family No. S714/78

Territorial Court of the Virgin Islands

Div. of St. Croix at Kingshill

August 12, 1988

MICHAEL STEWART MCLAURIN, ESQ., Assistant Attorney General (Attorney General's Office), St. Croix, V.I., *for Petitioner/Relator*

TERRYLN M. SMOCK, ESQ., Assistant Attorney General, St. Thomas, V.I., *for Government Employees Retirement System*

ELROY ANDREWS, St. Croix, V.I., *pro se*

ELTMAN, *Judge*

## MEMORANDUM OPINION

The Government seeks to attach defendant's accumulated retirement contributions to secure satisfaction of the judgment for child support arrearages. Since such a seizure is statutorily prohibited, the request will be denied.

## FACTS

The respondent, Elroy Andrews, was an employee of the Virgin Islands Department of Public Safety until his dismissal in 1985. He is presently incarcerated. At the time of his dismissal, he had been a member of the Government Employees Retirement System (hereinafter GERS) for eighteen years and had accumulated $12,626.29 in his retirement fund, $10,356.29 of which has been used to repay an outstanding loan balance. The Government seeks to apply part of the balance toward an indebtedness of $1,210.00. This amount represents child support arrearages, reduced to a judgment on March 28, 1985, which the respondent failed to pay as of February 25, 1985, pursuant to a support order of September 28, 1978. GERS has refused to comply with several writs of execution on the balance of Andrews' retirement fund, maintaining that the corpus or the accumulated rights which the respondent has in the system are exempt from attachment pursuant to 3 V.I.C. § 725. The Government, acting on behalf of the relator Raphaela Albany, maintains that the fund may properly be attached under principles of equity and public policy and has moved to hold GERS in contempt for its refusal to comply with the writ.

## DISCUSSION

Two compelling interests compete for primacy in this case: the right of an employee to have his retirement contributions shielded from post-judgment seizure, and the needs of children to actually receive court-ordered support. While strong public policy arguments have been made by the respective parties, the outcome ultimately rests on statutory interpretation.

Title 3 V.I.C. § 725 exempts a government employee's retirement contributions, and the benefits paid thereon, from seizure.[1] That

---

[1] 3 V.I.C. § 725:

> The rights of a person to any annuity or benefit or right accrued or accruing ... and the various monies in the system ... are hereby exempted from levy and sale, garnishment, attachment, or any other legal process whatsoever ....

section, however, actually affords substantially less protection to the employee than would first appear. In Government v. Hodge, 14 V.I. 438 (D.C.V.I. 1977) the District Court, without specifically discussing § 725, held that a child support obligor could be compelled to assign his pension benefits to meet a child support order.

Any doubt following Government v. Hodge, that retirement benefits are attachable has been eliminated by virtue of legislation recently enacted to facilitate the collection of child support obligations, 16 V.I.C. §§ 341–368. Those provisions establish various methods of ensuring that a recalcitrant parent cannot so easily avoid his or her child support obligations, as has been all too common in the past. For example, § 352 provides that a support judgment takes precedence over all other financial obligations and may be enforced, in the case of a Government employee, by payroll deductions. Sec. 352 provides for income withholding for a private employee. Sec. 355 authorizes income tax refund withholding, and §§ 358–362 impose duties on employers of obligors.

The foregoing review is merely to point out that the Virgin Islands has a powerful and variously expressed public policy in favor of implementing child support obligations. There are many more means for the enforcement of support obligations than are available for other debts. It is crucial, then, to understand precisely what is meant by the term "income," since it is subject to so many forms of seizure where child support is involved. Tit. 16 V.I.C. § 341(e)(1) contains the relevant definition.[2] Thus, although on the one hand, the term "income" includes retirement benefits, "income" specifically *excludes* mandatory retirement contributions. Contribu-

---

[2] 16 V.I.C. § 341(e)(1):

"income" means any form of periodic payment to an individual, regardless of·source, including, but not limited to, wages, salary, bonuses, commissions, compensation as an independent contractor, workmen's compensation, disability, unemployment compensation, annuity and retirement benefits, awards in civil suits, interest, dividends, rents, royalties, insurance proceeds, trust income, partnership profits, and any other payments made by any person, private entity, federal, state or territorial government or any entity created by local law; provided, however, that income excludes:

(1) any amounts required by law to be withheld, other than creditors' claims, including but not limited to, federal, state, territorial and local taxes, Social Security and other mandatory retirement and disability contributions.

tions to the Employees Retirement System are not voluntary, but mandatory. 3 V.I.C. § 703.[3]

■■ Therefore, retirement benefits, i.e., periodic annuity payments, may indeed be attached to satisfy a support obligation, notwithstanding the more general prohibition of 3 V.I.C. § 725. However, the support statute itself, crafted to facilitate compliance with child support orders, specifically excludes mandatory contributions to a retirement system, which, in this case, would encompass the respondent's accumulated contributions, or corpus, of some $2,270.00. Under the circumstances, despite the significant interest of the respondent's children to receive support from him, GERS may not be required, as a garnishee, to pay over to the Government of the Virgin Islands the contributions which it holds on behalf of Elroy Andrews. It follows, therefore, that the petitioner's motion to hold the GERS in contempt for failure to comply with the several writs of execution must be denied.[4]

## ORDER

In accordance with the memorandum opinion of even date, it is hereby

ORDERED that the motion of the Government of the Virgin Islands, petitioner, on behalf of Raphaela Albany, relator, to hold the Government Employees Retirement System in contempt for its refusal to comply with the writs of execution herein is hereby DENIED.

---

[3] 3 V.I.C. § 703:

The following persons shall be included as members:

(a) Any person who is an employee and in service on September 30, 1959, shall become a member as of the date of establishment.

(b) Any person who becomes an employee on or after the date of establishment shall become a member as a condition of employment, provided such person is under age 55 on the date of appointment. Contributions by such person shall begin upon completion of one year of service, provided that he shall be eligible for duty disability and death benefits from the first day of service subject to the qualifying conditions prescribed for the payment of such benefits. A member shall have the option of contributing for the one year waiting period, without interest, for the purpose of receiving pension credit for such year provided that such option is exercised within three years from the date of completion of one year of service.

[4] Whether the respondent may be ordered to assign his interest in the corpus to the Government is another question, but one which is not before the Court at this time. Rose v. Rose, 107 S. Ct. 2029 (1987).