**TEXAS BAPTIST CHILDREN'S HOME OF ROUND ROCK, Texas, Appellant,**

v.

**J. A. CORBITT, Guardian, Appellee.**

No. 6835.

Court of Civil Appeals of Texas.

Amarillo.

Feb. 2, 1959.

Rehearing Denied March 9, 1959.

———◆———

Davis & McCown, Dalhart, Sanders, Scott, Saunders & Smith, C. J. Humphrey, Amarillo, of counsel, for appellant.

Richards & Ferguson, Dalhart, for appellee.

PITTS, Chief Justice.

This is an appeal from an order of the district court sustaining special exceptions pleaded by defendant, J. A. Corbitt, as guardian of the estate of minor children, Calvin Black, Wayne Black and Paul Black, as against the pleadings filed in a suit in the trial court by plaintiff, Texas Baptist Children's Home of Round Rock, Texas, the said defendant, being appellee herein and the said plaintiff being appellant herein. The record reveals that upon the order of the same district court the said minor children were, during the month of July, 1951, placed in the said Baptist Home where they had since remained and that since the death of the father of the said minors on March 8, 1951, the estate of the said minor children had been receiving monthly benefits from the Social Security Administration in the sum of $22.-20 for each child up to the time this suit was filed; that on March 1, 1957, James S. McNabb, Jr., acting administrator for appellant, presented a sworn claim to appellee, as guardian of the said estate, for the accumulated benefits then credited to the estate of the said minors, as well as for the future benefits to be received by them, to be applied on the indebtedness due appellant for the food, clothing, education and maintenance of the said minors and further showing therein that the total monthly expenses for such keep, education and maintenance of each of the said minors was approximately $60 which exceeds by far the monthly benefits each minor received from the Social Security Administration and showing further that appellant had not then been paid anything for the support, education and maintenance of the said minors; that a verified pleading showing the contents of the said claim addressed to the probate court of Dallam County, Texas, where the guardianship matter was pending under No. 894, was likewise filed with the county clerk of Dallam County by appellant seeking therein to have its claim granted by that said court; that appellant thereafter filed in the district court a verified petition which appears to be an independent suit in the said court against J. A. Corbitt, as guardian of the said estate, alleging the presentation of such a claim for such purpose to the said guardian and further alleging that such a claim if paid would then only care for a portion of the upkeep, education and maintenance of the said minors but that up to the date of filing of its suit no action had been taken on the said claim by the said guardian as appellee herein; that the accumulated benefits for all of the said minor children credited to their estate was then $4,395.60, for which sum

appellant there sought recovery, together with an order likewise for the future benefits received by the said minors' estate for the said purpose.

In answer to appellant's petition, appellee filed lengthy exceptions and subject thereto joined issues with appellant in an unverified pleading. The trial court heard and sustained all of appellee's exceptions and gave appellant time to amend its pleadings, but appellant preferred to appeal from the trial court's order sustaining the exceptions and did perfect an appeal from such order challenging the same upon seven points presented here. However, in its brief and in its oral argument before this Court, appellant waived any claim or any right to receive any future benefits to be paid to the estate of the said minors by the Social Security Administration or any other source and sought only recovery on its claim for the accumulated benefits in the sum of $4,395.60. While the record is silent about the matter, counsel in oral argument before this Court on January 6, 1959, advised this Court that the said minor children were no longer in the home of appellant. Neither does the record reveal the ages of any of the said minor children either at the time they were placed in the home or at any other time. As it is, we have nothing before us but the question of whether or not the trial court erred in sustaining appellee's exceptions as against appellant's pleadings.

The effect of appellee's exceptions is that appellee as guardian of the estate was without authority under the provisions of the Social Security Act to approve any part of appellant's claim and that the trial court was without jurisdiction to hear appellant's alleged cause of action because:

"The Social Security Act of the United States of America, as amended, provides an administrative procedure strictly within the Social Security Administration, authorizing such administration only to make a determination as to who shall receive the benefits payable under said act in behalf of these minors."

Appellee further urges his exceptions:

"For the reason that this Court (District Court) does not have jurisdiction of this Cause, in that said Social Security Act makes provision for the determination of the correct payee to receive checks from said administration, and does not vest this Court, but expressly divest this Court, of jurisdiction to determine who shall receive the said Social Security payments, both past and future payments."

Then appellee in support of his exceptions and claims quotes from Sec. 207 of the Social Security Act as amended which is now 42 U.S.C.A., § 407. We here quote the said provisions from appellee's pleadings as follows:

"The right of any person to any future payment under this *title* shall not be transferable or assignable, at law or in equity, and none of the *monies* paid or payable or rights existing under this *title* shall be subject to execution, levy, attachment, garnishment, or other legal process, or to the operation of any bankruptcy or insolvency law."

It has been held that the said foregoing provisions relate or apply only to any future payments or benefits to be paid and does not relate or apply to any past installments previously paid. Beers v. Federal Security Adm'r, 2 Cir., 172 F.2d 34, and Ewing v. Gardner, 6 Cir., 185 F.2d 781. It will be observed that appellant is now seeking recovery only for the accumulated benefits from past payments made and has waived any claims to future payments. The only authority cited by appellee in support of his exceptions does not apply to appellant's claim for the accumulated benefits by reason of past payments. Appellee has not cited us any authority in support of his exceptions presented in so

far as they apply to the accumulated payments and we have found none. In our opinion the Federal law does not attempt to assert any control over the disposition to be made of Social Security payments after such have been paid into the hands of a lawful guardian for the benefit of minor children.

Appellee devotes much of his brief to the question of appellant's claims to future payments while that issue is not before us since appellant both in its brief and oral argument waived any claim to future payments. Appellant is no longer seeking future payments but is only seeking recovery of the funds that have been previously paid to the guardian by the Federal Government in satisfaction of a debt against the estate for the care, maintenance and education of the minors furnished by appellant.

Appellee in the latter part of his brief has sought to show by Texas law that the accumulated funds are a part of the corpus of the estate and cannot be used for the support and education of the minors without first obtaining an order from the probate court authorizing such expenditure, but no such question was raised by appellee in his exceptions and no such authority was cited in support of his exceptions presented in the trial court. His claims made in his exceptions presented were based upon Federal law and he there cited only Federal authorities in support of his claims as has been previously shown.

Appellant pleaded that no action had been taken on his verified claim by the guardian as appellee, while appellee contends that the said claim had been denied and refused by the guardian and the same had been filed with the county clerk within the time required by law, but we must accept appellant's pleadings as true as against appellee's exceptions. However, such matter is not material here in any event since the provisions of the V.A.T.S. Probate Code § 309 require a guardian to act upon a claim such as this within 30 days and to endorse thereon or annex thereto a memorandum signed by the guardian showing what action he took thereon and a failure to do so within 30 days constitutes a rejection of the claim. The claim attached to appellant's pleadings addressed to the probate court fails to show any action having been taken thereon by either the guardian or the probate court.

Appellant contends here that it has met all of the required prerequisites of the law to entitle it to payment of the amount shown to exist in the accumulated funds of the estate, but the provisions of the State law were not referred to in appellee's exceptions filed in the trial court and there sustained by it, consequently the trial court has not yet had an opportunity to pass upon the requirements of the State law. Our action here is confined to a consideration of the pleadings filed by appellant and appellee's exceptions thereto filed and the action of the trial court thereon. If the trial court had jurisdiction over any part of the claim in question, it was reversible error to sustain appellee's exceptions. In our opinion under the authorities cited, the Social Security Act cited by appellee in support of his exceptions does not prohibit the guardian from paying to appellant the accumulated funds in the minors' estate and in our opinion no Federal law prohibits such.

While appellee contended in both the trial court and in this court that the guardian under the provisions of the Social Security Act was prohibited from paying appellant's claim and he further contends here, although not in the trial court, that in any event appellant had not met the requirements of the State Probate Code for having its claim paid by the guardian, yet in his brief appellee says: "Appellee offered to pay appellant a part of the amount prayed for in settlement and appellant refused to accept the same." It occurs to us that surely appellee as guardian of the said estate must have thought he had authority to pay a part of the claim when

such offer was made, and it occurs to us that if he as guardian had authority to pay a part of it he has authority to pay the full amount of the accumulated funds in the sum of $4,395.60.

For the reasons stated and under the authorities cited, the judgment of the trial court is reversed and the cause is remanded for a consideration only of the accumulated benefits to the credit of the estate of the minors as governed by the provisions of the State laws. Reversed and remanded.