Brown, Appellee, v. Brown, Appellant.

(No. 31219—Decided July 7, 1972.)

Messrs. *Kahn, Kleinman, Yanowitz & Arnson* and Mr. *Thomas L. Dettelbach,* for appellee.
Messrs. *Hertz, Kates, Friedman & Feldman,* for appellant.

Manos, J. On October 14, 1970, Gertrude Brown, the appellee, filed a petition for divorce, alimony and equitable relief. On November 13, 1970, appellant, Elmer Brown, filed an answer and cross-complaint. Pursuant to a motion filed for alimony *pendente lite* by Mrs. Brown, the court ordered appellant to pay the mortgage, interest, taxes, and insurance on the jointly occupied marital dwelling in addition to all of Mrs. Brown's necessary medical and dental expenses.

Under Rule 75(I)(2) of the Ohio Rules of Civil Procedure, the appellee filed and the court granted a motion for a temporary restraining order under which appellant was restrained during the pendency of the divorce action from negotiating, pledging, spending or otherwise disposing of the proceeds of a social security check issued to him in the amount of One Thousand Three Hundred Forty-

Eight Dollars and Eighty Cents ($1,348.80). This check was issued for benefits sought by the appellant under his Social Security Claim No. 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A.

The appellant filed a motion to dissolve the restraining order, which the court denied. It is from that denial that this appeal is prosecuted.

The legal dispute in this case arises from the application of Rule 75(I)(2) of the Ohio Rules of Civil Procedure which empowers the court to restrain one party to an action from disposing or encumbering property to defeat the other party's right to alimony or support, and Section 407, Title 42, U. S. Code, which provides:

"The right of any person to any future payment under this subchapter shall not be transferable or assignable, at law or in equity, and none of the moneys paid or payable or rights existing under this subchapter shall be subject to execution, levy, attachment, garnishment, or other legal process, or to the operation of any bankruptcy or insolvency law."

The power of the court to restrain the disposition of property pending the determination of permanent alimony is unquestioned. However, the sole issue here is whether the power to restrain the disposition of property extends to benefits received from social security.

In *Schlaefer* v. *Schlaefer* (D. C. Cir. 1940), 112 F. 2d 177, the court considered on one hand a wife's right to sequester her husband's benefits of liability insurance proceeds to pay an arrearage of alimony and on the other hand Section 162 of the Life Insurance Act for the District of Columbia,[1] which exempts the benefits paid from execution, attachment or any legal or equitable process or operation of law. In discussing the issue the court concluded that the purpose of the exemption was to enable a disabled insured to support himself, his family and those legally dependent upon him and to protect the family unit from the claim of general creditors. With the purpose of the

---

[1]Act of Congress of June 19, 1934, C. 672, 48 Stat. 1175, D, C, Code (Supp. IV 1938), Section 220p, Title 5.

exemption in mind, the court held that it would be inconsistent to hold that a wife could not sequester the husband's disability payments for her alimony since the statute was enacted not only to protect her husband but her, as well, being his dependent. Thus, a wife not being a creditor as such, the exemption statute should not apply to defeat her claim for alimony.

This reasoning was followed in *Thiel* v. *Thiel* (1964), 41 N. J. 446, 197 A. 2d 354, wherein the court stated:

"* * * The purpose of exemptions is to relieve the person exempted from the pressure of claims hostile not only to his own essential needs but also to those of his dependents. But the purpose cannot be one relieving him of familial obligations, perhaps destroying what may be the family's last word and only security, short of public relief. ... Moreover, if we were to uphold his claim of exemption, we would 'feed the husband, and starve the wife.' " 41 N. J. at 451, 197 A. 2d at 357-58.

In *Texas Baptist Children's Home* v *Corbitt* (Tex. Civ. App. 1959), 321 S. W. 2d 610, the court, after concluding that Section 407, Title 42, U. S. Code, does not apply, held that a guardian could be compelled to apply social security benefits received by minor children to their maintenance costs in a welfare home. See, also, *Essex County Welfare Board* v. *Philpott* (1969), 104 N. J. Super. 280, 249 A. 2d 639; *Ponath* v. *Ponath* (1964), 22 Wis. 2d 382, 126 N. W. 2d 28.

The intent behind the exemption in the Social Security Act is to protect the appellant and those dependent upon him from the claim of creditors. Appellee's request for alimony, different from a claim of a creditor,[2] is unaffected by the exemption set forth in Section 407. The trial court, therefore, properly restrained the use of the social security check pending a determination of permanent alimony.

*Judgment affirmed.*

WASSERMAN, C. J., and JACKSON, J., concur.

---

[2]See *Cook* v. *Cook* (1902), 66 Ohio St. 566.