**DYER CONSTRUCTION COMPANY and Home Indemnity Company, Petitioners,**

v.

**Henry STOKELY and State Industrial Court, Respondents.**

No. 45763.

Supreme Court of Oklahoma.

July 3, 1973.

Paul V. McGivern, Jr., Tulsa, for petitioners.

Edwin W. Ash, Okmulgee, for respondents.

WILLIAMS, Vice Chief Justice.

Respondent, claimant below, was awarded percentage permanent total disability to the body as a whole, from accidental injuries received June 22, 1970, in a covered employment, which necessitated surgical procedures. That order was not appealed and became final. On November 10, 1971 claimant moved to reopen the case on ground of change of condition. After hearing the trial judge entered an order (March 7, 1972) finding change of condition for worse, and awarded an increase of 20% permanent partial disability to the body as a whole. After en banc affirmance of this order, petitioner brought this petition for review.

Petitioners advance three contentions as grounds for vacation of the order, or alternatively for remand of the cause for further evidentiary proceedings. Petitioners attack competency of medical evidence to support finding change of condition, and insist their medical evidence is clear and unequivocal as against claimant's, which is categorized as confusing, inconsistent, and not subject to judicial interpretation. Each contention and accompanying argument involves petitioner's interpretation of weight and credibility of expert testimony.

 Other than for reference to State Industrial Court Rules, of which this Court takes judicial notice, 75 O.S.1971 § 252, petitioners' argument is unsupported by any citation of authority. Assignments of error will not be considered favorably under these circumstances where, without further research, it does not appear they are well taken. O. K. Iron & Metal Co. v. Sandoval (Okl.) 434 P.2d 247. Credibility and weight accorded testimony of medical witnesses is for State Industrial Court, and will not be disturbed if supported by reasonable competent evidence. Blue Bell, Inc. v. Owens (Okl.) 463 P.2d 969.

Award sustained.

DAVISON, C. J., and BERRY, HODGES, LAVENDER, BARNES, SIMMS and DOOLIN, JJ., concur.