Francis Louise **HUSKEY**, formerly
Batts, Appellee,

v.

Doris Quinton **BATTS**, Appellant.

No. 46976.

Court of Appeals of Oklahoma,
Division No. 1.

Nov. 26, 1974.

Released for Publication by Order of the
Court of Appeals Dec. 19, 1974.

Philip R. Scott, Waurika, for appellee.

Richard D. Stone, Waurika, for appellant.

BOX, Presiding Judge:

An appeal by Doris Quinton Batts, defendant, from the trial courts ordering payment of one-half of defendant's monthly Social Security Disability payments toward alimony payments previously awarded to plaintiff wife.

On October 27, 1972, plaintiff was granted a divorce from the defendant and he was ordered to pay alimony. Later he was cited for contempt for failure to make the payments, but the court deferred the imposition of judgment. In the meantime the defendant had qualified for disability payments under the Social Security laws and, over his objection that such payments were exempt under 42 U.S.C. § 407 from execution or impoundment, the court ordered the defendant to pay one-half of his disability insurance checks into court pending final disposition of the matter, and after briefs were submitted, upon further consideration the trial court entered a final order in favor of the plaintiff that alimony payments should be made from the disability checks if necessary. Defendant took this appeal after the overruling of his motion for new trial.

The only question for consideration on this appeal is whether funds derived from disability insurance under the Social Security Act are exempt under 42 U.S.C. § 407 from execution or impoundment to pay an alimony award. This provision, a part of the Social Security legislation, states:

> "The right of any person to any future payment under this subchapter shall not be transferable or assignable, at law or in equity, and none of the moneys paid or payable or rights existing under this subchapter shall be subject to execution, levy, attachment, garnishment, or other legal process, or to the operation of any bankruptcy or insolvency law."

The defendant cites cases which have construed similarly worded state exemption statutes to exempt similar funds from payment of alimony, largely on the ground that such statutes were comprehensive and absolute on the face of them with no specific exception for money obligations to dependents. E. g., Miller v. Superior Court of Los Angeles County, 69 Cal.2d 14, 69 Cal.Rptr. 583, 442 P.2d 663 (1968); Ogle v. Heim, 69 Cal.2d 7, 69 Cal.Rptr.

579, 442 P.2d 659 (1968), app. dismd. 393 U.S. 265, 89 S.Ct. 477, 21 L.Ed.2d 426 (1968); Howard v. Howard, 166 Cal.App. 2d 386, 333 P.2d 417 (1959); Utley v. Utley, 355 Mass. 469, 245 N.E.2d 435 (1969). However we are more impressed with the reasoning in Brown v. Brown, 32 Ohio App.2d 139, 288 N.E.2d 852 (1972), and the cases cited therein, in which the Ohio Court held that 42 U.S.C. § 407 did not prevent application of Social Security funds to the payment of alimony. The Ohio Court reasoned that a wife who claims alimony is not a creditor, nor the obligation to support her a debt, in the usual sense, and that the intent of the exemption in § 407 of the Social Security Act is to enable the insured to support himself, his family, and those legally dependent upon him, and to protect the family unit from the claims of general creditors, not to allow him to protect himself from money obligations owed to his dependents.

In Champion v. Champion, 203 Okl. 105, 218 P.2d 354, the plaintiff wife obtained a divorce and the trial court granted a property division and alimony to the plaintiff. On appeal the Supreme Court said, in part:

"The defendant draws $184 per month from the U. S. Government for injuries sustained in World War II. This amount was and is subject to change, and will not be used to pay any part of the judgment in this case." 218 P.2d at p. 355.

Defendant quotes this language and relies upon it as prohibiting the appropriation of disability payments to the payment of alimony whenever they are subject to change. We do not think that this statement can be taken literally to mean that any payments subject to future change cannot be used to satisfy an alimony award since this would rule out insurance payments in many instances, workman compensation awards, investments, and even salaries. However we do not consider this question further, since the defendant did not raise this issue below but relied solely upon his alleged exemption under 42 U.S. C. § 407, it cannot be raised now for the first time. See Constant v. Brown, 189 Okl. 147, 114 P.2d 477.

For the reasons given, we conclude that funds derived from disability insurance under the Social Security Act are not exempt under 42 U.S.C. § 407 from execution or impoundment to pay the alimony award against the defendant in this case.

Affirmed.

ROMANG and REYNOLDS, JJ., concur.