John CODY and Herbert Schneider, as Trustees of the Local 282 Pension Trust Fund, Plaintiffs,

v.

Margaret RIECKER, Hon. Yorka C. Linakis, Judge of the Family Court of the State of New York, County of Queens, and Michael P. Seniuk, Sheriff of Nassau County, Defendants.

No. 78 C 525.

United States District Court, E. D. New York.

July 5, 1978.

O'Connor, Quinlan & Mangan, P.C., Long Island City, N. Y. (J. Warren Mangan, Long Island City, N. Y., of counsel), for plaintiffs.

Stanley Joseph Pryor, Maspeth, N. Y., for defendant Riecker.

MEMORANDUM AND ORDER

NICKERSON, District Judge.

Plaintiffs are trustees of an employment benefit plan which, since January 1, 1978,

has been paying a retirement benefit of $400 per month to one Fred J. Riecker. On January 13, 1978, defendant Ms. Margaret Riecker obtained a judgment of the Family Court of the State of New York, Queens County, against Fred J. Riecker for $5,280.00 for arrears on his obligation to pay for the support of Ms. Riecker, who either is or was his wife.* On February 14, 1978, defendant Seniuk, the Sheriff of Nassau County, levied on the pension fund benefits payable to Riecker to enforce the judgment against him.

Plaintiffs move in this court to enjoin the levy. The pension fund of which plaintiffs are trustees is subject to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 *et seq.*, and they claim that the execution is invalid under that Act.

The pertinent provisions of ERISA, 29 U.S.C. § 1056(d), recite:

"(1) Each pension plan shall provide that benefits provided under the plan may not be assigned or alienated.

(2) For the purposes of paragraph (1) of this subsection, there shall not be taken into account any voluntary and revocable assignment of not to exceed 10 percent of any benefit payment, or of any irrevocable assignment or alienation of benefits executed before September 2, 1974. The preceding sentence shall not apply to any assignment or alienation made for the purposes of defraying plan administration costs. For purposes of this paragraph a loan made to a participant or beneficiary shall not be treated as an assignment or alienation if such loan is secured by the participant's accrued nonforfeitable benefit and is exempt from the tax imposed by section 4975 of Title 26 (relating to tax on prohibited transactions) by reason of section 4975(d)(1) of Title 26."

The trust agreement establishing the pension fund satisfies and even exceeds the ERISA requirement by providing in Article IX, § 2(b) that no moneys payable from the funds shall be subject "by any employee or person claiming through such employee, to anticipation, alienation, sale, transfer, assignment, pledge, encumbrance, garnishment, mortgage, lien or charge, and any attempt to cause the same to be subject thereto shall be null and void." Article VI, § 10 of the Rules and Regulations of the pension fund further limits the alienability of benefits payable and provides, among other things, that a retirement payment "shall not in any way be subject to any legal process to levy execution upon or attachment or garnishment proceedings against the same for the payment of any claim against any Employee or Pensioner."

The question of law is whether ERISA or these provisions of the pension fund agreement bar execution upon pension benefits to enforce the beneficiary's obligation to support his spouse.

**I**

■ Absent the ERISA provision the exemption of pension benefits from attachment set forth in the Fund documents would not preclude the levy. New York courts have often permitted enforcement of the obligation to support a spouse against the supporting spouse's pension benefits despite restrictions on alienation of those benefits similar to the restrictions in plaintiffs' trust's documents. See, e. g., *Weigold v. Weigold*, 236 App.Div. 126, 258 N.Y.S. 348 (1 Dept. 1932); *Monck v. Monck*, 184 App. Div. 656, 172 N.Y.S. 401 (1 Dept. 1918); *Zwingmann v. Zwingmann*, 150 App.Div. 358, 134 N.Y.S. 1077 (2 Dept. 1912); *Michel v. Michel*, 86 Misc.2d 774, 384 N.Y.S.2d 381 (Family Ct. Rensselaer County 1976). Plaintiffs contend that the ERISA provision which required inclusion in the trust documents of such a restriction on alienation now forecloses such enforcement.

If read literally 29 U.S.C. § 1056(d), quoted above, would not foreclose an involuntary diversion of pension benefits such as

---

* The complaint alleges, upon information and belief, that defendant Riecker is the former wife of Fred J. Riecker. Her answer states that she is still married to him. Resolution of this issue is not necessary to disposition of the motion.

defendants' levy imposes. The statute requires only that pension plans forbid benefits from being "assigned" or "alienated". These terms imply that the statute seeks only to prevent active disposition of the benefits by the beneficiary. Cf. *Hook v. Hook & Ackerman, Inc.*, 187 F.2d 52, 58 (3rd Cir. 1951).

However, the legislative history throws considerable doubt on such a reading and indeed appears to assume that a "garnishment" or a "levy" is to be treated as an "assignment" or "alienation". The House Conference Report recites that under the bill a plan must provide that benefits "may not be assigned or alienated" but might provide for a "voluntary revocable assignment" (not to exceed 10 percent) not for purposes of defraying the administrative costs of the plan. The report then states: "For purposes of this rule, a garnishment or levy is not to be considered a voluntary assignment." H.R.Conf.Rep. No. 93–1280, 93d Cong. 2d Sess., 1974 U.S.Code Cong. and Admin.News, pp. 4639, 5038, 5061. The context in which that sentence appears in the Report indicates that it may have been intended to suggest that while a garnishment or levy was to be considered an "alienation" or "assignment" it was not a "voluntary" one. Judge Guy so held in *General Motors Corp. v. Townsend* (D.C.E. Mich., S.Div., decided December 16, 1976). Certainly a garnishment or levy could not be thought of as a "revocable" assignment.

On the other hand, Mr. Justice Wager in *National Bank, etc. v. Intern. Broth., etc.*, 400 N.Y.S.2d 482, 486–487 (Sup.Ct.Nass.Cty. 1977), read the House Conference Report as showing an intent not to prohibit a garnishment.

If a beneficiary by consenting to the entry of a judgment could in effect assign or alienate the trust funds, the purpose of the statute to protect him against his own improvidence would be thwarted. Moreover, judgment enforcing remedies such as garnishment, levy, attachment and the like can work the same result as an intentional assignment of alienation. They can dilute the benefits established by the trust. Cf.

*Bryan v. Itasca Cty., Minnesota*, 426 U.S. 373, 391, 96 S.Ct. 2102, 48 L.Ed.2d 710 (1976). This court will therefore not construe § 1056(d) as permitting a garnishment or levy by every judgment creditor.

## II

The question remains whether an obligation of a husband to support his wife, which arises by operation of law, may be enforced against the trust funds. The legislative history of 29 U.S.C. § 1056(d) contains no reference to this specific problem. However, a Congressional intent to preempt state law in such a matter is not lightly to be presumed in the absence of an unambiguous declaration of intent. *Stone v. Stone*, 450 F.Supp. 919 (N.D.Cal.1978). The state-created obligation to support a spouse has consistently been afforded deference, dating back to the turn of the century when the Supreme Court inferred an exception in favor of support claims from the general rule that a debtor's obligations are discharged by an adjudication in bankruptcy. *Wetmore v. Markoe*, 196 U.S. 68, 77, 25 S.Ct. 172, 49 L.Ed. 390 (1904).

Since that decision the obligation to support a spouse has generally been enforced against government-created benefits otherwise exempt from the remedies of garnishment, attachment, levy, and the like. See, e. g., *Schlaefer v. Schlaefer*, 71 App.D.C. 350, 112 F.2d 177 (1940); *Huskey v. Batts*, 530 P.2d 1375 (Okl.Ct.App.1974); *Brown v. Brown*, 32 Ohio App.2d 139, 288 N.E.2d 852 (Ohio Ct.App. Cuyahoga County 1972); *Dillard v. Dillard*, 341 S.W.2d 668 (Tex.Civ. App.1961); *In re Guardianship of Bagnall*, 238 Iowa 905, 29 N.W.2d 597 (1947). But see, e. g., *Utley v. Utley*, 355 Mass. 469, 245 N.E.2d 435 (1972); *Brewer v. Brewer*, 19 Tenn.App. 209, 84 S.W.2d 1022 (1935).

In the *Schlaefer* case, a divorced wife sought an order sequestering, *inter alia*, disability insurance benefits payable to her former husband then in arrears in making alimony payments. The District of Columbia Life Insurance Act provided that no money or other benefit to be paid on account of disability "shall be liable to exe-

cution, attachment, garnishment, or other process, or to be seized, taken, appropriated or applied by any legal or equitable process or operation of law, to pay any debt or liability of such insured person." Despite this language the court concluded that the statute did not apply to executions enforcing an obligation to support. The court construed the legislation as embodying a Congressional judgment that it would be "better for the creditors to go unpaid than to deprive the debtor and his dependents of this means of support [i. e. the disability benefits] when earning capacity would be cut off." 71 App.D.C. at 358, 112 F.2d at 185. The court held that extending the exemption to preclude enforcement of a support obligation would not serve to achieve the intended purpose, saying:

> "[Disability insurance benefits] are derived normally from the insured's earning power. They constitute a substitute for it when it is gone. By law and the most sacred contract he is obligated to employ it, while it exists, for dependents' support. Disability does not relieve him of that obligation, though it may affect the extent to which he can perform it.

> \* \* \* \* \* \*

> "Furthermore, the usual purpose of exemptions is to relieve the person exempted from the pressure of claims hostile to his dependents' essential needs as well as his own personal ones, not to relieve him of familial obligations and destroy what may be the family's last and only security, short of public relief. . . . The duty is to share, not to desert, when trouble comes." *Ibid.*

The reasoning of the *Schlaefer* case is persuasive in the similar context presented here. Plaintiffs do not contend that Riecker's obligation to support his wife terminated upon his retirement. Yet the statutory construction plaintiffs urge would permit a retiree to effect that result either where, as is often the case, pension benefits provide a retired wage-earner's sole source of income, or, as appears to be the case here, the wage-earner leaves the jurisdiction with only one asset left behind, his pension bene-

fit. This court concludes that Congress when it enacted ERISA did not intend such a drastic encroachment on the enforceability of a retiree's family obligations which arise by operation of law. The retirement funds are exempt from levy where the obligation arises not from the retiree's family relationship but from his acts with or towards third parties outside the family.

### III

Since plaintiffs have no possibility of success on the merits, the motion for a preliminary injunction is denied. The court will dismiss plaintiffs' complaint for failure to state a claim unless within twenty days of the date of this memorandum and Order plaintiffs show cause why the court should not do so.

So ordered.