Linda Joy DeTIENNE, Plaintiff,

v.

Larry Wayne DeTIENNE, Defendant,

v.

SOCIAL SECURITY ADMINISTRATION,
Garnishee.

Civ. A. No. 92–1471–FGT.

United States District Court,
D. Kansas.

Feb. 12, 1993.

---

Sally Davis Pokorny, Independence, KS, for Linda Joy DeTienne.

Stephen K. Lester, Office of U.S. Atty., Wichita, KS, for Social Sec. Admin.

## MEMORANDUM AND ORDER

THEIS, Senior District Judge.

This matter is before the court on the motion of garnishee, Social Security Administration, to quash and deny plaintiff's motion for judgment against garnishee. Doc. 6. Also pending before the court are two matters filed in state district court prior to removal to federal court: plaintiff's motion for judgment against garnishee and the state court's order to the garnishee to appear and show cause why the garnishee should not be

found in contempt. *See* Attachments to Doc. 1 (notice of removal). The garnishee's motion to quash, Doc. 6, requests that this court set aside the state court's order to appear and show cause.

This is a divorce action removed from the District Court of Montgomery County, Kansas. Pursuant to the decree of divorce filed in the District Court of Montgomery County, Kansas on June 16, 1975, the defendant Larry Wayne DeTienne was ordered to pay child support in the amount of $75.00 per month to his ex-wife Linda Joy DeTienne for the care of the parties' minor son. Defendant subsequently fell behind in his payments. At the time of the garnishment order which is the subject of this action, the defendant owed $14,837 in back child support.

On June 18, 1992, the District Court of Montgomery County, Kansas in the case of *DeTienne v. DeTienne*, Case No. 72,750, entered an order of garnishment against the Social Security Administration on the property and credits of defendant Larry Wayne DeTienne. On June 19, 1992, the order was served on the Social Security Administration office in Independence, Kansas. Thereafter a copy of the order was forwarded by mail to the Social Security Administration's Office of Disability in Baltimore, Maryland, as directed by the administrative regulations. The government asserts that the garnishment order was not received by the Office of Disability. The Social Security Administration never responded to the garnishment order. Approximately $8,596.00 in past due disability benefits was paid to the defendant.

On August 26, 1992, plaintiff filed a motion for judgment against the garnishee. The District Court of Montgomery County entered an order on August 27, 1992 directing the Social Security Administration, c/o Scott Peterson, the manager of the Social Security office in Independence, Kansas, to appear before the court and show cause why it should not be found in contempt. The order further required the garnishee to appear and to answer all questions regarding the defendant's benefits. The order directed production of all records touching on the scope and extent of the benefits of the defendant. The

government removed this action on September 15, 1992.

■ The relevant removal statute, 28 U.S.C. § 1442(a)(1), provides in pertinent part:

(a) A civil action ... commenced in a State court against any of the following persons may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:

(1) Any officer of the United States or any agency thereof, or person acting under him, for any act under color of such office....

This action was properly removed pursuant to 28 U.S.C. § 1442(a)(1) since the Social Security Administration employee, acting under color of office, was summoned to appear in a state court garnishment proceeding under threat of contempt. *See Nationwide Investors v. Miller,* 793 F.2d 1044, 1045–48 (9th Cir.1986) (per curiam).

The government argues that sovereign immunity precludes the entry of judgment against the Social Security Administration for its failure to answer the garnishment and precludes finding the Social Security Administration and its employee in contempt. The government notes in its brief that Congress has waived the sovereign immunity of the United States in certain limited situations, including cases involving child support and alimony payments. The government concedes that immunity has been waived as to the garnishment in this case. *See* Doc. 7, Government brief at 3. The government argues, however, that the waiver of sovereign immunity for garnishment does not subject the United States to liability in the event it fails to respond to the garnishment. As the court discusses below, the government's position is erroneous, except as to the contempt provisions sought to be imposed by the state court.

■ "No legal proceeding, including garnishment, may be brought against the United States absent a waiver of its sovereign immunity." *Millard v. United States,* 916 F.2d 1, 3 (Fed.Cir.1990), *cert. denied,* —— U.S. ——, 111 S.Ct. 2012, 114 L.Ed.2d 99

(1991). The United States has waived its sovereign immunity from proceedings in the nature of garnishment for enforcement of child support and alimony. *Id.* (discussing 42 U.S.C. § 659); *Nationwide Investors v. Miller,* 793 F.2d at 1047, 1048.

42 U.S.C. § 659(a) provides in pertinent part:

> Notwithstanding any other provision of law (including section 207 [42 U.S.C. § 407]), effective January 1, 1975, moneys (the entitlement to which is based upon remuneration for employment) due from, or payable by, the United States ... (including any agency, subdivision, or instrumentality thereof) to any individual ... shall be subject, in like manner and to the same extent as if the United States ... were a private person, to legal process brought for the enforcement, against such individual of his legal obligations to provide child support or make alimony payments.

Section 659(a) plainly authorizes the garnishment of wages payable to federal employees for the purpose of satisfying such federal employees' obligations under state court decrees to pay child support or alimony. Section 659(a) appears to refer only to wages due to federal government employees.[1] This section does not mention the garnishment of Social Security disability benefits payable to private-sector employees. However, as discussed below, the statute also reaches Social Security Title II disability benefits which would otherwise have been exempt from execution under section 207 of the Social Security Act, 42 U.S.C. § 407.[2]

The definitions contained in 42 U.S.C. § 662 explain the intent behind and the scope of the phraseology contained in section 659(a). Section 662(f) defines "remuneration for employment" in two categories:

> Entitlement of an individual to any money shall be deemed to be "based upon remuneration for employment", if such money consists of—
>
> (1) compensation paid or payable for personal services of such individual, whether such compensation is denominated as wages, salary, commission, bonus, pay, or otherwise, ... or
>
> (2) periodic benefits (including a periodic benefit as defined in section 228(h)(3) of this Act [42 U.S.C. § 428(h)(3)]) or *other payments to such individual under the insurance system established by title II of this Act [42 U.S.C. §§ 401 et seq.]....*

42 U.S.C. § 662(f) (emphasis added). Title II of the Social Security Act, 42 U.S.C. §§ 401–433, entitled "Federal Old–Age, Survivors, and Disability Insurance Benefits," provides for disability payments to insured workers. Pursuant to 42 U.S.C. § 407, *see supra* n. 1, disability benefits made pursuant to Title II of the Social Security Act ordinarily would not be subject to garnishment.[3] However, pursuant to 42 U.S.C. § 659(a), those benefits are subject to garnishment for child support and alimony. This interpreta-

---

**1.** The federal cases interpreting and applying 42 U.S.C. § 659 primarily have arisen from garnishments of federal employees' wages and salaries. *E.g., United States v. Morton,* 467 U.S. 822, 104 S.Ct. 2769, 81 L.Ed.2d 680 (1984); *Millard v. United States,* 916 F.2d 1 (Fed.Cir.1990), *cert. denied,* ── U.S. ──, 111 S.Ct. 2012, 114 L.Ed.2d 99 (1991); *Loftin v. Rush,* 767 F.2d 800 (11th Cir.1985); *Young v. Young,* 547 F.Supp. 1 (W.D.Tenn.1980).

**2.** Section 207 of the Social Security Act provides: (a) The right of any person to any future payment under this title [42 U.S.C. §§ 401 et seq.] shall not be transferable or assignable, at law or in equity, and none of the moneys paid or payable or rights existing under this title shall be subject to execution, levy, attachment, garnishment, or other legal process, or to the operation of any bankruptcy or insolvency law.

(b) No other provision of law, enacted before, on, or after the date of the enactment of this section, may be construed to limit, supersede, or otherwise modify the provisions of this section except to the extent that it does so by express reference to this section.
42 U.S.C. § 407.

**3.** However, state court cases have held, even prior to the enactment of 42 U.S.C. § 659, that Social Security disability benefits are subject to garnishment to enforce child support and alimony obligations, notwithstanding the provisions of 42 U.S.C. § 407. *E.g., In re Schonts,* 345 N.W.2d 145 (Iowa Ct.App.1983); *Brown v. Brown,* 61 O.O.2d 162, 32 Ohio App.2d 139, 288 N.E.2d 852 (1972); *Meadows v. Meadows,* 619 P.2d 598 (Okla.1980); *Huskey v. Batts,* 530 P.2d 1375 (Okla.Ct.App.1974).

tion of the scope of sections 659 and 662 is supported by the interpretation of the Social Security Administration in Social Security Ruling SSR 79–4 (1979), 1975–1982 Soc.Sec. Rep.Ser. 393, 1979 WL 15542, at *2 (S.S.A.) (Statute "specifically provides that monthly social security benefits are considered moneys subject to legal process brought by an individual to enforce a legal obligation to provide child support or to make alimony payments").

■ Returning to 42 U.S.C. § 659(a), the court finds the language which imposes liability "in like manner and to the same extent as if the United States ... were a private person." The fact that section 659(a) is applicable to particular moneys does not necessarily mean that those moneys will be subject to legal process. It means that the question of whether such moneys will be subject to legal process is to be determined in accordance with state law in like manner as if the United States were a private person. *See United States v. Morton*, 467 U.S. 822, 831 n. 13, 104 S.Ct. 2769, 2775 n. 13, 81 L.Ed.2d 680 (1984). Applying Kansas law, the court concludes that a garnishee who pays out funds due a garnishor after legal service of process is liable for the amount paid to the judgment debtor after notice of the garnishment.

42 U.S.C. § 659(d) provides that the United States shall respond to the garnishment process within thirty days (or such longer period as prescribed by state law) after the date effective service of process is made. The state district court entered the order of garnishment on June 18, 1992. The order was served on the Social Security office in Independence, Kansas. Thereafter, a copy of the order of garnishment was forwarded by mail to the Social Security Administration's Office of Disability in Baltimore, Maryland, as directed by the administrative regulations. The government asserts that the

Office of Disability did not receive the order; however, the government does not appear to challenge the propriety of the service of the garnishment order.[4] The Social Security Administration never responded to the garnishment order.

Kansas law does not shield a garnishee from liability when the garnishee inadvertently fails to comply with a garnishment order. Pursuant to K.S.A. 60–718(a) (Supp. 1991), the garnishee shall file a verified answer to the order of garnishment within ten days after service (30 days pursuant to 42 U.S.C. § 659(d)). "If the garnishee fails to answer within the time and manner herein specified, the court may grant judgment against garnishee for the amount of the plaintiff's judgment or claim against the defendant, ..." K.S.A. 60–718(c) (Supp.1991). Thus, under Kansas law, a private garnishee may be held liable on default for the full amount of the plaintiff's judgment or claim against the defendant. *Id.*

■ The question before the court is whether the garnishee should be liable for the full amount of the plaintiff's judgment against the defendant, should be liable only for the amount of back benefits inadvertently paid to the defendant, or whether the garnishee should not be held liable at all. The Kansas garnishment statute would support the imposition of liability for the full amount of plaintiff's judgment against the defendant, $14,837.00. However, the court believes the better solution is to impose liability on the garnishee for the amounts actually paid to the defendant which should have been paid to the plaintiff pursuant to the garnishment, an amount equal to $8,596.00.

Counsel and the court have located only two cases on point, both of which support the imposition of liability on the government for the funds it failed to withhold pursuant to a garnishment order. In *Young v. Young*, 547

4. In a letter dated June 12, 1992, from the Independence, Kansas Social Security Administration office to the Clerk of the District Court of Montgomery County, Kansas, the Administration stated that it was unable to comply with the writ of garnishment issued on June 9, 1992 because that writ failed to provide the Social Security number of Larry Wayne DeTienne. Doc. 10, Exh. A. The letter also provides, "For your information,

proper service of a garnishment order may be had by serving any local social security office in person *or* by certified or registered mail, return receipt request[ed]." *Id.* (emphasis added).

The order of garnishment issued June 18, 1992 does provide Mr. DeTienne's Social Security number. There appears to be no dispute that this order was personally served on the local Social Security office on or about June 19, 1992.

F.Supp. 1 (W.D.Tenn.1980), the plaintiff ex-wife sought to garnish her ex-husband's federal wages to pay his child support obligations. The Coast Guard inadvertently failed to honor a garnishment. As the district court stated:

> The substantive issue presented by this case is whether under § 659, a federal employer may be held liable for the entire debt or judgment underlying a garnishment, or whether the statute waives sovereign immunity only as to the appropriate portion of wages owed but not yet paid to a federal employee.

547 F.Supp. at 3. The court concluded:

> A reasonable accommodation of the statutory language and the competing interests in this case requires a finding that § 659 abrogates sovereign immunity to the extent of lawful garnishments, whether or not the government complies with its obligation to withhold. Thus the government is liable for any funds it failed to withhold, plus interest. Although this money is no longer "due" or "payable" to the employee, it was payable at the time of the garnishment and rightfully belonged to plaintiff through the operation of § 659.

*Id.* at 5.

Likewise in *Loftin v. Rush,* 767 F.2d 800 (11th Cir.1985), an ex-wife sought to garnish her ex-husband's federal wages to satisfy past due child support. Upon the United States Navy's failure to file a timely response, the state court entered a default judgment against the Navy for the full amount of past due child support. After removal, the federal district court vacated the state court default judgment. The Eleventh Circuit affirmed. The court stated, "It is clear from 42 U.S.C. § 659(a) that Congress intended to waive enough sovereign immunity to put the United States in the same position as if it were a private person, with a limitation on the extent of its liability." 767 F.2d at 806. The Eleventh Circuit discussed *United States v. Morton,* 467 U.S. 822, 104 S.Ct. 2769, 81 L.Ed.2d 680 (1984), and stated, "*Morton* does not stand for the proposition that the government is to be treated, in all cases, as if it were a private employer. *Morton* simply upholds the right

of the government to be treated *as well as* a private employer." 767 F.2d at 807 (emphasis in original). The court concluded that "Congress did not intend the federal government to be subject to State default judgments that would render the United States liable for any amount in excess of that owed to the judgment debtor/employee at the time of the garnishment." *Id.* at 808. The court found that the plaintiff was entitled to receive payment as of the date the governmental employer was served with process, without interest. *Id.* at 810.

■ This court is persuaded by the reasoning of the courts in *Loftin v. Rush* and *Young v. Young.* However, this court agrees with the conclusion of the *Loftin* court that an award of interest is not appropriate. The court will not impose a default judgment for the entire debt due the plaintiff, but will enter judgment against the garnishee for the amount that it failed to withhold after proper service of the garnishment writ, i.e., the face amount of the disability benefits due to defendant.

Section 659(f) provides that:

> Neither the United States, any disbursing officer, nor governmental entity shall be liable with respect to any payment made from moneys due or payable from the United States to any individual pursuant to legal process regular on its face, if such payment is made in accordance with this section and the regulations issued to carry out this section.

42 U.S.C. § 659(f). This section shields the United States from liability for compliance with a state court garnishment order which is "regular on its face." The 1977 amendment to the statute, which added section 659(f), specifies only those circumstances in which the government is *not* liable. *Millard v. United States,* 916 F.2d 1, 11 (Fed.Cir. 1990) (citing *United States v. Morton,* 467 U.S. 822, 831 n. 12, 104 S.Ct. 2769, 2774 n. 12, 81 L.Ed.2d 680 (1984)), *cert. denied,* —— U.S. ——, 111 S.Ct. 2012, 114 L.Ed.2d 99 (1991). Section 659(f) does not address the circumstances when the government is liable. Section 659(f) inapplicable to the facts of this case.

The order to show cause issued by the state court shall be quashed. This court will not hold the Social Security Administration or its employee in contempt.

IT IS BY THE COURT THEREFORE ORDERED that the garnishee's motion to quash and to deny plaintiff's motion for judgment against garnishee (Doc. 6) is hereby granted in part and denied in part. The contempt of court proceedings initiated by the state district court prior to removal are hereby quashed and vacated.

IT IS FURTHER ORDERED that judgment be entered in favor of plaintiff and against garnishee Social Security Administration in the amount of $8,596.00.