698 F.2d 688
 4 Employee Benefits Ca 1091
 TENNECO INC., Appellant,
and
Donald L. Sweeney, Plaintiff,
v.
FIRST VIRGINIA BANK OF TIDEWATER, Appellee.
United States of America, Amicus Curiae.
TENNECO INC., Plaintiff,
and
Donald L. Sweeney, Appellant,
v.
FIRST VIRGINIA BANK OF TIDEWATER, Appellee.
United States of America, Amicus Curiae.
 Nos. 82-1158, 82-1159.
 United States Court of Appeals,
Fourth Circuit.
 Argued Oct. 4, 1982.
Decided Jan. 27, 1983.
 
 Stephen B. Clarkson, Washington, D.C. (Mitchell H. Segal, Pierson, Ball & Dowd, Washington, D.C., Shannon T. Mason, Jr., Mason, Gibson & Cowardin, Newport News, Va., Patrick A. Nitsch, Houston, Tex., Tenneco Inc. on brief) and Richard W. Hudgins, Newport News, Va., for appellants.
 S. Lawrence Dumville, Norfolk, Va. (Edward L. Breeden, III, Breeden, Howard & MacMillan, Norfolk, Va., on brief), for appellees.
 Glen L. Archer, Jr., Asst. Atty. Gen., Washington, D.C., Elsie L. Munsell, U.S. Atty., Alexandria, Va., Michael L. Paup, Gary R. Allen, Michael J. Roach, Tax Div., Dept. of Justice, Washington, D.C., on brief, for the U.S. as amicus curiae.
 Before BUTZNER, Circuit Judge, and HAYNSWORTH and FIELD, Senior Circuit Judges.
 HAYNSWORTH, Senior Circuit Judge:
 
 
 1
 The question is whether an employee's interest in an ERISA thrift plan and stock ownership plan is subject to garnishment by a judgment creditor of the employee. Because in this instance the benefits are fully vested and payable in a lump sum upon request of the employee, the district court held that the benefits were subject to garnishment and denied the injunction which Tenneco, as trustee under the relevant trust agreements, had sought. Because we conclude that benefits in the hands of the fiduciary are beyond the reach of garnishment, we now vacate and remand.
 
 I.
 
 2
 Donald L. Sweeney had been an employee of Newport News Shipbuilding & Dry Dock Company, a subsidiary of Tenneco, and a participant in Tenneco's qualified thrift and stock ownership plans. His employment was terminated before he reached retirement age, whereupon all accrued benefits under both plans became payable to him within a reasonable time after his request. Sweeney actually drew down something over $37,000 a few weeks before the bank obtained its judgment against him, but an aggregate of a little over $5,000 remains in the hands of the trustee under the two plans.
 
 
 3
 The First Virginia Bank of Tidewater obtained a judgment against Sweeney and his wife for $137,000. By a writ of garnishment served on Tenneco, it sought to compel payment to it of the balance in each of Sweeney's two accounts. That attempt prompted this action by Tenneco for an injunction.
 
 II.
 
 4
 Under Sec. 206(d) of ERISA[1] and Sec. 401(a)(13) of the Internal Revenue Code,[2] each qualified plan must contain a provision against assignment or alienation of benefits, except that an assignment which is both voluntary and revocable of no more than 10% of any benefit payment is permissible. Neither statute mentions garnishment or other legal process designed to effect involuntary transfers. Pursuant to congressional authorization, however, the Secretary of the Treasury adopted a regulation binding upon him and the Secretary of Labor,[3] specifically prohibiting such involuntary transfers, except garnishment in aid of the collection of federal taxes.[4] Insofar as relevant, it reads:
 
 
 5
 (b) No assignment or alienation--
 
 
 6
 (1) General Rule. Under Section 401(a)(13), a trust will not be qualified unless the plan of which the trust is a part provides that benefits provided under the plan may not be anticipated, assigned (either at law or in equity), alienated or subject to attachment, garnishment, levy, execution or other legal or equitable process.
 
 
 7
 By virtue of the statute and the regulation, an employee's accrued benefits under such a qualified plan may not be reached by judicial process in aid of a third-party creditor. See, e.g., General Motors Corp. v. Buha, 623 F.2d 455, 462 (6th Cir.1980); Commercial Mortgage Ins. Inc. v. Citizens National Bank of Dallas, 526 F.Supp. 510, 520 (N.D.Tex.1981); Christ Hospital v. Greenwald, 82 Ill.App.3d 1024, 38 Ill.Dec. 469, 403 N.E.2d 700 (1980); Ward v. Ward, 164 N.J.Super. 354, 396 A.2d 365 (1978).
 
 
 8
 A judicial exception has been carved out of this seemingly absolute prohibition. If the debt is support due the employee's spouse or children, his interest in the plan is subject to garnishment. See, e.g., American Telephone & Telegraph Company v. Merry, 592 F.2d 118 (2d Cir.1979); Cody v. Riecker, 454 F.Supp. 22 (E.D.N.Y.1978), aff'd 594 F.2d 314 (2d Cir.1979). The exception is premised upon the statute's broad purpose to provide protection for employees and their families, so that intra-familial transfers are not to be viewed in the same light as an involuntary transfer for the benefit of a third-party creditor.
 
 
 9
 So much the district court recognized and accepted. He thought this case was different because the balance in each account was payable in a lump sum to Sweeney. He thought the prohibition should be applicable only to those payments accruing periodically after the employee's actual retirement. He was troubled by the provision for rollovers under 26 U.S.C.A. Sec. 403(4), which permits an employee receiving a lump sum distribution, in some circumstances, to avoid tax recognition if he places all of the funds received by him in another qualified plan or annuity within sixty days. But the district judge thought that option had been lost because Sweeney had failed to demand payment of the balances in the two funds within sixty days of the time he was entitled to them. Since Sweeney had the unqualified right to request disbursement of the balances to him, the district judge considered them as already having been in his constructive possession.
 
 
 10
 The statute and the regulation make no such distinction between funds which have become fully vested and subject to withdrawal and funds which are subject to periodic disbursement as an annuity. The funds here had been accumulated under a general plan for retirement, and the statutory scheme clearly contemplates that they should remain available for that purpose, even though the employee might obtain employment with another employer having a qualified plan or quit, or otherwise become entitled to a lump sum distribution. When such benefits become payable in a lump sum because of a separation of the employee from the employer's service, the benefits paid stand in the place of his accruing right to a pension.
 
 
 11
 Indeed, lump sums can become distributable under other circumstances. Article VII of Tenneco's thrift plan provides that, after two years participation, an employee may withdraw up to 75% of his own contribution credited to his account. To the extent that such withdrawals are permissible, they are subject to the control of the employee. He may be considered as having constructively received them to the same extent the district judge considered Sweeney as having constructively received his benefits. Clearly, however, the statute and regulation operate to prohibit seizure of such funds by a commercial or third-party creditor under a writ of garnishment.
 
 
 12
 The statutes, as amplified by the regulation, prohibit garnishment of "benefits provided under the plan." There is no suggestion of a distinction based upon the method by which such benefits are payable. Sweeney's balances in the two accounts are benefits provided under the plan for him and, though payable to him in one lump sum, are beyond the reach of a writ of garnishment.
 
 III.
 
 13
 The final issue concerns the status of money and stock Sweeney withdrew from the ERISA thrift plan. Sweeney seeks the return of funds which were garnisheed by the bank while in the custody of his broker. He also seeks an injunction restraining the bank from any future garnishments. Sweeney claims that any funds or securities whose origin may be traced to a preretirement draw from an ERISA approved plan are forever immune from attachment by creditors.
 
 
 14
 The evidence discloses that Sweeney made a preretirement withdrawal and that he did not roll over the proceeds by investing them in another ERISA approved account within the 60-day period allowed for this purpose. The district court denied the relief which Sweeney requested, holding that although the funds originated in an ERISA account, they were not exempt from garnishment under the circumstances disclosed by this record. No provision of ERISA supports Sweeney's claim. We affirm the district court's denial of relief.
 
 IV.
 
 15
 The judgment of the district court in No. 82-1159 is affirmed. The judgment in No. 82-1158 is vacated, and this case is remanded for further proceedings consistent with this opinion.
 
 
 16
 No. 82-1158--VACATED AND REMANDED;
 
 
 17
 No. 82-1159--AFFIRMED.
 
 
 
 [1]
 29 U.S.C.A. Sec. 1056(d)
 
 
 [2]
 26 U.S.C.A. Sec. 401(a)(13)
 
 
 [3]
 See 29 U.S.C.A. Sec. 1202(c)
 
 
 [4]
 Treasury Regulations on Income Tax (1954 Code), Section 1.401(a)(13)(b)(1)