**The TRAVELERS INSURANCE COMPANIES, Plaintiff–Appellee,**

v.

**FOUNTAIN CITY FEDERAL CREDIT UNION, a corporation, Defendant–Appellant.**

No. 89–7052.

United States Court of Appeals, Eleventh Circuit.

Nov. 30, 1989.

---

John L. Cole, Linda L. Cole, Birmingham, Ala., for defendant-appellant.

M. Clay Ragsdale, Tom Selden, Birmingham, Ala., for plaintiff-appellee.

Before TJOFLAT, Chief Judge, HATCHETT, Circuit Judge, and MORGAN, Senior Circuit Judge.

PER CURIAM:

We AFFIRM the district court's judgment permanently enjoining appellant Fountain City Federal Credit Union from garnishing or attaching any proceeds of the pension plan at issue in this case. Because we affirm on the basis of the district court's memorandum of December 16, 1988, we reprint that opinion as an appendix below.

**265**

APPENDIX

MEMORANDUM OPINION

CLEMON, District Judge:

This case presents the issue of whether the non-alienability provision of the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1056(d), applies to the proceeds of an employee pension plan that is being terminated. For the reasons which follow, the Court concludes that it does.

*Facts*

There are no factual disputes in this case. Plaintiff Travelers Insurance Companies (Travelers) services the Fountain City Machinists Local Number 1688 pension plan fund. The plan qualifies under ERISA, and therefore, is subject to the provisions of the Act. The pension plan is in the process of being terminated.

The defendant Fountain City Credit Union has filed garnishments against Travelers to obtain satisfaction of state court judgments against twelve individuals who are participants in the terminating pension plan. Upon receipt of each garnishment, Travelers has responded to the garnishment by stating that the "garnishee [Travelers] has in his possession or control property or money belonging to the defendant, which is not wages, salary or compensation, namely: 'pension plan proceeds in the amount of [amount varies with each debtor] and is holding same subject to order of the Court.'" Subsequently, Fountain City filed a motion to condemn the garnished funds in each action and a motion for conditional judgment. A non-final conditional judgment was entered by the state court in each case.

The plan participants whose funds the defendant seeks to garnish are scheduled to receive lump sum payments of their pension proceeds.

*Discussion*

ERISA was established to ensure that employees who participate in employee benefit plans receive the benefits to which they are entitled. 29 U.S.C. § 1001(a). In an

effort to achieve its legislative purpose, Congress established standards to "protect the employee against mismanagement or the provision of misinformation by the employer." *St. Paul Fire and Marine Ins. Co. v. Cox*, 752 F.2d 550, 552 (11th Cir. 1985).

Section 1056(d) of the Act states that "(1) [e]ach pension plan shall provide that benefits provided under the plan may not be assigned or alienated." Subdivision 2 of Section 1056(d) further provides that "[f]or purposes of paragraph (1) of this subsection, there shall not be taken into account any voluntary and revocable assignment of not to exceed 10 percent of any benefit payment...."

The Internal Revenue Service (IRS) Treasury regulation [hereinafter Treasury regulation] that interprets the non-alienability provision, 26 C.F.R. § 1.401(a)–13(a), further explains the non-alienability requirement of § 1056(d). It states that "a trust will not be qualified unless the plan of which the trust is a part provides that benefits provided under the plan may not be anticipated, assigned (either at law or equity), alienated or subject to attachment, garnishment ...or other legal or equitable process." [1]

Both the ERISA statute and the applicable regulation are clear, therefore, that pension plan funds may not be garnished.

However, the ERISA statute and applicable regulations do not speak to whether the prohibition against alienation applies when the pension plan is terminating and the participants are to receive a lump sum payment prior to retirement; and the Eleventh Circuit has not addressed this question specifically.[2]

The Fourth Circuit is the only one to have addressed the issue. In *Tenneco Inc. v. First Virginia Bank of Tidewater*, 698 F.2d 688, 690 (4th Cir.1983), the Fourth Circuit squarely held that the ERISA non-alienability provision prohibits garnishment of the pension proceeds of an employee even though a lump sum was payable to him and he had been terminated before retirement.[3]

In *Smith v. Mirman*, 749 F.2d 181 (4th Cir.1984) the Fourth Circuit rejected the argument that pension proceeds may be garnished when the pension fund is terminating. It held that a debtor may not garnish the pension proceeds of an employee although the plan is terminating. *Id.* The Court observed that the judicial and statutory exceptions to non-alienability "occur mainly when a participant is receiving benefits under the plan, not ...where there is a fund awaiting distribution." *Id.* at 183. It also pointed out that "[t]here is simply no statutory authorization for applying the various provisions of ERISA or the pertinent sections of the Internal Revenue Code only at certain times in the life of the plan." *Id.*

The Court agrees with the *Mirman* court. Furthermore, the fact that the twelve individuals in this action are to receive a lump sum does not make ERISA inapplicable to the pension plan.

Consequently, the Court holds that Fountain City Credit may not garnish the pension proceeds of the twelve persons named in its complaint. Travelers Insurance is not required to release funds to the defendant. To hold otherwise would not pro-

---

**1.** Treasury regulation § 1.401(a)–13(b) specifically enumerates garnishment as one of the legal or equitable mechanisms prohibited by the provisions of ERISA.

**2.** In *St. Paul Fire, supra,* the circuit recognized an "implied exception" to the non-alienability provision where an employee commits criminal misconduct. It noted that "[o]f prime importance to the courts in considering implied exceptions to the non-alienability provisions have been the congressional objectives behind

ERISA, and the effect of the proposed exceptions on those goals." 752 F.2d at 552.

**3.** Fountain City in its brief asserts that *Tenneco* is distinguishable from this case. The Court disagrees. Although the pension plan in *Tenneco* may have been continuing and accruing, the employee's portion of the pension fund had accrued and was payable as are the employees' proceeds in this case.

mote the well-being and security of employees who are members of pension plans.