**Kimberly MILLS, Plaintiff,**

v.

**Lones MILLS, et al., Defendants.**

**No. C–1–91–908.**

United States District Court,
S.D. Ohio, W.D.

March 9, 1992.

---

Jeffrey Tessel, Cincinnati, Ohio, for plaintiff.

Steven Finley, Dayton, Ohio, for defendants.

## ORDER

CARL B. RUBIN, District Judge.

This matter is before the Court upon Defendant Joint Board of Trustees of the GMP and Employers Pension Fund's ("Trustees") motion to dismiss Plaintiff's complaint for failure to state a claim upon which relief can be granted, and Plaintiff's memorandum in opposition thereto (Docs. 5, 6), as well as upon Defendant Stoner and Associates' ("Stoner") motion to dismiss on the same grounds. (Doc. 8). The Court also has reviewed all memoranda the parties submitted in conjunction with the motion to dismiss that Defendant Stoner filed in the state court prior to removal. (Doc. 1, Ex. A).

Because the Court finds that matters outside the pleadings are relevant to its consideration of Defendants' motions (*see, e.g.,* attachments to Doc. 8), the Court determines that such motions should be treated as motions for summary judgment and disposed of as provided in Fed.R.Civ.P. 56. *See* Fed.R.Civ.P. 12(b).

In addition, the Court will address Defendants' motion to strike the amended complaint. (Doc. 1, Ex. A, Motion to Strike).

### Procedural History

On February 26, 1991, Plaintiff was awarded a $2,000,000 judgment against her father, Defendant Lones Mills ("Mills"), in Hamilton County Court of Common Pleas Civil Action No. A–9010828. (*See* Doc. 1, Ex. A, Amended Complaint, ¶ 2). On July 26, 1991, Plaintiff filed a "Complaint On Creditor's Bill" in that Court, seeking to collect on the judgment against Defendant Mills by proceeding against said Defendant's interest in a pension fund administered by Defendant Stoner. (Doc. 1, Ex. A, Complaint).

On August 27, 1991, Defendant Stoner moved to dismiss Plaintiff's complaint for failure to state a claim upon which relief can be granted. (Doc. 1, Ex. A, Motion to Dismiss). Defendant Stoner contends both that it is not a proper party to the action, and that Plaintiff is not entitled to proceed against Defendant Mills' equitable interest in the pension plan in order to satisfy a judgment. (Doc. 1, Ex. A, Memorandum in Support of Motion to Dismiss, Supplemental Memorandum in Support of Motion to Dismiss, and Reply Memorandum). Although Plaintiff maintained that Defendant Stoner is a proper party (*see* Doc. 1, Ex. A, Memorandum in Opposition to Motion to Dismiss and Amended Memorandum in Opposition to Motion to Dismiss), on November 22, 1991, Plaintiff filed an "Amended Complaint On Creditor's Bill," adding De-

fendant Trustees as a party. (Doc. 1, Ex. A, Amended Complaint).

On December 13, 1991, Defendants Stoner and Trustees filed a joint motion to strike the amended complaint. (Doc. 1, Ex. A, Motion to Strike). On December 24, 1991, Defendant Trustees removed the action to this Court, citing federal question jurisdiction under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(e)(1). (Doc. 1). Defendants Mills and Stoner consented to such removal. (Docs. 3, 4).

On January 8, 1992, Defendant Trustees filed in this Court a motion to dismiss Plaintiff's complaint for failure to state a claim upon which relief can be granted. (Doc. 5). On January 22, 1992, Plaintiff filed her opposing memorandum, arguing that the amended complaint sets forth a viable cause of action against Defendant Trustees. (Doc. 6). Defendant. Stoner refiled his motion to dismiss in this Court on March 3, 1992. (Doc. 8).

### Findings of Fact

1) In 1991, Plaintiff was awarded a $2,000,000 judgment in her action against her natural father, Defendant Lones Mills, for physical and sexual abuse. (Doc. 1, Ex. A, Amended Complaint, ¶ 2; Plaintiff's Amended Memorandum Opposing Defendant Stoner's Motion to Dismiss, pp. 1-2, 5).

2) Defendant Mills possesses a prospective and undivided equitable interest in a pension fund governed by Defendant Trustees and administered by Defendant Stoner. (Doc. 1, Ex. A, Amended Complaint, ¶ 1; Doc. 8, p. 7).

3) The subject pension plan provides that it is "exempt from the claims of creditors," with the exception of those claims that constitute "qualified domestic relations orders." (Doc. 8, Ex. A, Art. X, §§ 1, 2).

4) Plaintiff has neither sought nor obtained from the pension plan an administrative determination that her judgment against Defendant Mills is a "qualified domestic relations order," in accordance with the provisions of the pension plan, Doc. 8, Ex. A, Art. X, § 2, or ERISA, 29 U.S.C. § 1056(d)(3). (*See* entire record; Doc. 8, p. 6; Doc. 1, Ex. A, Defendant Stoner's Supplemental Memorandum in Support of Motion to Dismiss, p. 5).

### OPINION

### A. Motion To Strike Amended Complaint

The Federal Rules of Civil Procedure provide that a party must obtain either leave of court or the adverse party's written consent in order to amend a pleading after a responsive pleading has been served. Fed.R.Civ.P. 15(a). The procedural rules governing practice in the state courts of Ohio contain a parallel provision. *See* Ohio R.Civ.P. 15(A). However, under either the federal or Ohio rules, courts should grant leave to amend freely, "when justice so requires." Fed.R.Civ.P. 15(a); Ohio R.Civ.P. 15(A).

Defendants move to strike Plaintiff's amended complaint because Plaintiff did not obtain the state court's or Defendants' permission before filing such document there. (Doc. 1, Ex. A, Memorandum in Support of Defendants' Motion to Strike, p. 2). Defendants apparently assume that Defendant Stoner's filing of a motion to dismiss triggered Plaintiff's obligation to obtain leave of court in accordance with Rule 15. A motion to dismiss, however, "is not a 'responsive pleading' within the meaning of Rule 15." 3 Moore's Federal Practice ¶ 15.07[2] (2d ed. 1991); *see also* Fed.R.Civ.P. 7(a) and Ohio R.Civ.P. 7(A). Accordingly, absent an answer from Defendant Stoner, Plaintiff was entitled to amend her complaint one time as a matter of course. Fed.R.Civ.P. 15(a); *see also* Ohio R.Civ.P. 15(A).

In addition, given that Defendant Stoner's assertion that it is not a proper party precipitated Plaintiff's proposed amendment, the Court believes that permitting the amendment would further the interests of justice in this matter. Had Plaintiff sought leave to file her amended complaint, this Court would have permitted such amendment.

For the foregoing reasons, the Court declines to strike Plaintiff's amended complaint for failure to comply with Rule 15.

B. *Motions for Summary Judgment*

1. Applicable Legal Standard

The summary judgment procedure under Fed.R.Civ.P. 56 is designed to secure a just, speedy and inexpensive determination of any action. *Celotex Corp. v. Catrett,* 477 U.S. 317, 327, 106 S.Ct. 2548, 2554–2555, 91 L.Ed.2d 265 (1986). However, Rule 56(c) permits the Court to grant summary judgment as a matter of law *only* after the moving party has identified as the basis of its motion "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which demonstrate the absence of any genuine issue of material fact. *Id.* at 323, 106 S.Ct. at 2553.

■ The party opposing a properly supported motion for summary judgment "may not rest upon mere allegations or denials of his pleading, but ... must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986) (quoting *First National Bank of Arizona v. Cities Service Co.,* 391 U.S. 253, 88 S.Ct. 1575, 20 L.Ed.2d 569 (1968)). The evidence of the nonmovant is to be believed and all justifiable inferences are to be drawn in his favor. *Anderson,* 477 U.S. at 255, 106 S.Ct. at 2513–2514 (citing *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 158, 90 S.Ct. 1598, 1608–1609, 26 L.Ed.2d 142 (1970)).

■ The function of the court is not to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial. *Anderson,* 477 U.S. at 249, 106 S.Ct. at 2510–2511. There is no genuine issue for trial unless sufficient evidence favors the nonmoving party to allow a jury to return a verdict for that party. *Id.* at 249, 106 S.Ct. at 2510–2511 (citing *Cities Service,* 391 U.S. at 288–289, 88 S.Ct. at 1592–1593). If the evidence is merely colorable, *Dombrowski v. Eastland,* 387 U.S. 82, 87 S.Ct. 1425, 18 L.Ed.2d 577 (1967), or is not significant-

ly probative, *Cities Service,* 391 U.S. at 290, 88 S.Ct. at 1593, judgment may not be granted. *Anderson,* 477 U.S. at 249, 106 S.Ct. at 2510–2511.

2. Susceptibility of Pension Plans to Claims of Judgment Creditors

■ Pension plans such as the one at issue herein are subject to the provisions of ERISA. *See* 29 U.S.C. § 1003. That Act provides that its terms preempt all state laws relating to any covered employee benefit plan. 29 U.S.C. § 1144(a). It further specifies that "[e]ach pension plan shall provide that benefits provided under the plan may not be assigned or alienated." 29 U.S.C. § 1056(d)(1). Such provision "reflects a considered congressional policy choice ... to safeguard a stream of income for pensioners ..., even if that decision prevents others from securing relief for the wrongs done them." *Guidry v. Sheet Metal Workers Pension Fund,* 493 U.S. 365, 376, 110 S.Ct. 680, 687, 107 L.Ed.2d 782 (1991).

Consistent with ERISA's anti-alienation provision, the pension plan in which Defendant Mills' interest lies contains the following language:

**Section 1. Non–Assignment of Benefits.** No Employee or Participant under this Plan shall sell, transfer, anticipate, assign, hypothecate, or otherwise dispose of his Pension, prospective Pension, or any other right or interest under the Plan, and the Board of Trustees shall not recognize, nor be required to recognize, any such sale, transfer, anticipation, assignment, hypothecation or, other disposition. *Any such Pension, prospective Pension, right or interest* shall not be subject in any manner to voluntary transfer or transfer by operation of law or otherwise and, except as provided in Section 2 of this Article X, *shall be exempt from the claims of creditors or other claimants and from all orders, decrees, garnishments, executions, or other legal or equitable process or proceedings* to the fullest extent permissible by law.

(Doc. 8, Ex. A, Art. X, § 1) (emphasis added). One narrow exception to the pension

plan's broad anti-alienation language is for "qualified domestic relations orders" (*see* Doc. 8, Ex. A, Art. X, § 2), as mandated and defined by Congress. *See* 29 U.S.C. § 1056(d)(3), 26 U.S.C. § 414(p); *see also Guidry*, 493 U.S. at 376 n. 18, 110 S.Ct. at 687 n. 18.

Although Plaintiff suggests that her judgment against Defendant Mills may fall within that exception (*see* Doc. 1, Ex. A, Plaintiff's Amended Memorandum in Opposition to Defendant Stoner's Motion to Dismiss, p. 5), nothing in the record before this Court indicates that Plaintiff has invoked the pension plan's established administrative procedure for determining whether her judgment should be deemed a "qualified domestic relations order" (*see* Doc. 8, Ex. A, Art. X, § 2), despite the fact that Defendant Stoner invited her to do so. (*See* Doc. 8, p. 6; Doc. 1, Ex. A, Defendant Stoner's Supplemental Memorandum in Support of Motion to Dismiss, p. 5). Accordingly, the issue of whether Plaintiff's judgment against Defendant Mills is a "qualified domestic relations order," excepted from ERISA's anti-alienation provision, is not properly before this Court. Plaintiff therefore is not entitled to relief in this Court on that basis.

Plaintiff's failure to establish her entitlement to a "domestic relations" exception distinguishes her action from some of the cases she cites in support of her claim. *See, e.g., Tenneco Inc. v. First Virginia Bank of Tidewater*, 698 F.2d 688 (4th Cir. 1983) (acknowledging in *dicta* an anti-alienation exception for spouse or child support); *Cody v. Riecker*, 454 F.Supp. 22 (E.D.N.Y.1978), *aff'd*, 594 F.2d 314 (2d Cir. 1979) (recognizing an exception where judgment sought to be enforced resulted from failure to pay spousal support). But Plaintiff also notes that some courts have permitted judgment creditors to enforce judgments against pension plans on other equitable grounds. *See, e.g., St. Paul Fire & Marine Ins. Co. v. Cox*, 752 F.2d 550 (11th Cir.1985) (holding that judgment stemming from bank president's fraudulent acts could be enforced against his vested interest in pension plan); *National Bank of North America v. IBEW Pension Funds*, 69 A.D.2d 679, 419 N.Y.S.2d 127, *appeal dismissed*, 48 N.Y.2d 752, 422 N.Y.S.2d 666, 397 N.E.2d 1333 (1979) (holding that ERISA's anti-alienation provisions do not prohibit garnishments).

Defendants counter that such decisions are in direct conflict with other decisions binding on this Court. In *United Metal Products Corp. v. National Bank of Detroit*, 811 F.2d 297, 300 (6th Cir.1987), *cert. denied*, 485 U.S. 1017, 108 S.Ct. 1494, 99 L.Ed.2d 883 (1988), the Sixth Circuit specifically rejected *St. Paul Marine*'s finding that employee fraud could justify garnishment, holding that "there is no fraud exception to ERISA's anti-alienation provision ... due to an employee's fraudulent or criminal conduct directed against an employer." The Court further noted that, "as a policy matter, whether an exception should be created is a question for legislative rather than judicial judgment." *Id.*

The Sixth Circuit also has opined unequivocally that "pension plan benefits are not subject to garnishment" in order to satisfy a judgment. *General Motors v. Buha*, 623 F.2d 455, 463 (6th Cir.1980). The Court therein referred to the contrary holding in *National Bank, supra*, as cited by Plaintiff, but apparently was unpersuaded thereby. *Buha*, 623 F.2d at 461. *See also In re Lucas*, 924 F.2d 597, 603 (6th Cir.), *cert. denied*, —— U.S. ——, 111 S.Ct. 2275, 114 L.Ed.2d 726 (1991) ("a debtor's interest in an ERISA pension fund is beyond the reach of his general creditors"). Moreover, the Sixth Circuit's views are consistent with Supreme Court pronunciations on the subject.

The Supreme Court has tacitly approved a state court's conclusion that by enacting ERISA's anti-alienation provision, "Congress ... barred garnishment of ... employee *pension* benefits." *Mackey v. Lanier Collection Agency & Service, Inc.*, 486 U.S. 825, 828, 108 S.Ct. 2182, 2184, 100 L.Ed.2d 836 (1988) (emphasis in original). The Court evidenced further deference to ERISA's unqualified anti-alienation language in *Guidry, supra*.

*Guidry* involved a former union official who had embezzled union funds, in violation of the Labor–Management Reporting and Disclosure Act of 1959 [LMRDA]. The union obtained a stipulated money judgment against Guidry, and sought to impose a constructive trust on his pension benefits until such judgment was satisfied. Although federal law provided for the union to obtain "appropriate relief" as a result of such wrongdoing, the Supreme Court refused to recognize an exception to ERISA's anti-alienation provision:

> [W]e [do not] think it appropriate to approve any generalized equitable exception—either for employee malfeasance *or for criminal misconduct*—to ERISA's prohibition on the assignment or alienation of pension benefits ... If exceptions to this policy are to be made, it is for Congress to undertake that task.

*Guidry*, 493 U.S. at 376, 110 S.Ct. at 687 (footnote omitted) (emphasis added). The Court described the creation of equitable exceptions to unqualified legislative prohibitions as "especially problematic in the context of an antigarnishment provision." *Id.* The Court therefore held that even a constructive trust on pension benefits was prohibited by ERISA's anti-alienation clause.

Plaintiff's counsel has recounted an appalling history of physical and sexual abuse underlying Plaintiff's judgment against her father, Defendant Mills. (*See* Doc. 1, Ex. A, Plaintiff's Amended Memorandum Opposing Motion to Dismiss, pp. 1–2, 5). This Court thus is particularly mindful of the hardship this ruling may impose upon Plaintiff. Under the law that this Court is constrained to apply, however, the genesis of Plaintiff's judgment is immaterial; as Plaintiff's judgment has not been shown to be a "qualified domestic relations order," that judgment may not be satisfied from Defendant Mills' prospective interest in the pension plan.

While this Court shares the "natural distaste for the result" acknowledged by the Supreme Court in *Guidry*, 493 U.S. at 377, 110 S.Ct. at 688, we also recognize that the creation of an exception to ERISA's harsh effect in this matter "is a question for legislative rather than judicial judgment." *United Metal*, 811 F.2d at 300. The Court therefore finds that Defendants are entitled to summary judgment in their favor on Plaintiff's cause of action against the pension plan.

In light of this finding, we need not address Defendant Stoner's contention that it is not a proper party to Plaintiff's action.

### Conclusions of Law

1) The pension plan in which Defendant Mills possesses a prospective equitable interest is subject to the provisions of ERISA. *See* 29 U.S.C. § 1003.

2) ERISA preempts all state laws relating to the subject pension plan, including Ohio Rev.Code § 2333.01's provision for satisfaction of judgments. 29 U.S.C. § 1144(a).

3) Defendant Mills' equitable interest in the subject pension fund may not be assigned or alienated, either voluntarily or involuntarily. 29 U.S.C. § 1056(d)(1); *In re Lucas*, 924 F.2d 597, 603 (6th Cir.), *cert. denied,* — U.S. —, 111 S.Ct. 2275, 114 L.Ed.2d 726 (1991).

4) ERISA's anti-alienation provision bars Plaintiff's action to enforce her judgment against Defendant Mills' interest in the subject pension plan. *Guidry v. Sheet Metal Workers Pension Fund*, 493 U.S. 365, 376, 110 S.Ct. 680, 687, 107 L.Ed.2d 782 (1991); *Mackey v. Lanier Collection Agency & Service, Inc.*, 486 U.S. 825, 828, 108 S.Ct. 2182, 2184, 100 L.Ed.2d 836 (1988); *General Motors v. Buha*, 623 F.2d 455, 463 (6th Cir.1980).

5) Defendants are entitled to judgment as a matter of law. Fed.R.Civ.P. 56.

It therefore is ORDERED that Defendants' motion to strike Plaintiff's amended complaint (Doc. 1, Ex. A) hereby is DENIED. It further is ORDERED that Defendant Trustees' and Defendant Stoner's separate motions to dismiss Plaintiff's complaint for failure to state a cause of action upon which relief can be granted (Docs. 5, 8) hereby are converted to motions for summary judgment and are GRANTED.

Judgment shall be entered for Defendants and against Plaintiff on her amended complaint.

IT IS SO ORDERED.