993 F.2d 1538
 16 Employee Benefits Cas. 2838
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
NCNB FINANCIAL SERVICES, INCORPORATED, (now NationsBank),
Plaintiff-Appellant,
v.
Joseph B. SHUMATE, Jr.; John R. Patterson, Trustee;
Coleman Furniture Corporation; Roy V. Creasy,
Trustee; Coleman Furniture Corporation,
Pension Plan, Defendants-Appellees.
 No. 92-2474.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: February 18, 1993
May 18, 1993
 
 Appeal from the United States District Court for the Western District of Virginia, at Roanoke. Glen M. Williams, Senior District Judge. (CA-83-279-R, CA-86-433-R, CA-86-432-R, CA-86-272-R)
 Stephen McQuiston Hodges, Penn, Stuart, Eskridge & Jones, Abingdon, Virginia, for Appellant.
 Joseph B. Shumate, Jr., Pulaski, Virginia; John R. Patterson, Roanoke, Virginia; William M. Mercer-Meidinger, Richmond, Virginia; Roy V. Creasy, Vogel & Cromwell, Roanoke, Virginia, for Appellees.
 W.D.Va.
 AFFIRMED.
 OPINION
 Before MURNAGHAN and NIEMEYER, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 NCNB Financial Services, Inc. (NCNB) appeals the district court's order denying its motion for payment of funds held in the court registry and the order denying its motion to alter or amend judgment under Fed. R. Civ. P. 59. The issue is whether Joseph Shumate's pension fund benefit, which has been held in the district court's registry since 1987, is still entitled to protection under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C.A.ss 1001-1461 (West 1985 and Supp. 1992), or whether it is subject to garnishment by NCNB in satisfaction of its judgment against Shumate.
 
 
 2
 Shumate was president of Coleman Furniture Company and was a participant in Coleman's pension plan. It is undisputed that this plan was a "qualified plan" under ERISA. See Patterson v. Shumate, 60 U.S.L.W. 4550, 4552 (U.S. 1992); 29 U.S.C.A. § 1056(d)(1) (West Supp. 1992). Coleman filed for reorganization under Chapter 11 of the Bankruptcy Code in 1982; Shumate's personal bankruptcy followed two years later. A dispute then arose among Shumate, the trustee of Shumate's bankruptcy estate (the "Shumate trustee"), and the trustee of Coleman's bankruptcy estate (the"Coleman trustee") over Shumate's interest in the Coleman pension plan. Shumate settled the dispute with the Coleman trustee for $250,000 and agreed to payment of this amount into the district court's registry, pursuant to Fed. R. Civ. P. 67, pending the outcome of the dispute between Shumate and the Shumate trustee.
 
 
 3
 The dispute between Shumate and the Shumate trustee, over the inclusion of Shumate's pension benefit in his bankruptcy estate, was ultimately settled by the United States Supreme Court. Patterson v. Shumate, 60 U.S.L.W. 4550 (U.S. 1992). The Supreme Court upheld this Court's decision that Shumate's interest in the Coleman pension fund was not includible in his bankruptcy estate. See Shumate v. Patterson, 943 F.2d 362 (4th Cir. 1991).
 
 
 4
 While the pension matter was pending, NCNB obtained a judgment against Shumate as guarantor on a note to Coleman and also on a personal promissory note. This Court affirmed the district court's award to NCNB, but remanded for recalculation of interest and attorneys' fees. NCNB Fin. Servs. v. Shumate, No. 90-2026 (4th Cir. Jan. 15, 1992) (unpublished). The revised judgment, as of March 1992, totalled $410,000.
 
 
 5
 The present appeal stems from NCNB's attempt to partially satisfy its judgment by levying on Shumate's pension fund, which is still being held in the district court. The district court determined that (1) the fund was absolutely protected by ERISA while in the hands of the district court, and (2) that its status once paid to Shumate was not ripe for decision because he had not yet received the funds. NCNB appeals.
 
 
 6
 First, the district court was correct in determining that Shumate's pension fund was absolutely protected by ERISA while in the district court's registry. NCNB admits that "statutes and regulation proscribe garnishment of employee benefits held in a qualified plan." (Appellant's informal brief, p. 9).* See Tenneco v. First Virginia Bank, 698 F.2d 688, 689-90 (4th Cir. 1983) ("[A]n employee's accrued benefits under such a qualified plan may not be reached by judicial process in aid of a third-party creditor," even if the benefits are fully vested and may be withdrawn at the employee's request). NCNB argues that this protection no longer applies, however, because the funds are not being held in an ERISA qualified plan, but rather in the district court's registry. It is NCNB's position that the benefits were "distributed" to Shumate when the Coleman trustee paid the funds into the district court's registry. The district court disagreed, finding that "[w]hat is dispositive, according to cases interpreting ERISA, is whether the assignment of the benefits occurred after an actual, and not constructive, distribution was made to the employee." See Tenneco, 698 F.2d at 690; see also Smith v. Mirman, 749 F.2d 181 (4th Cir. 1984). We find no support for NCNB's position. Therefore, we agree with the district court's conclusion.
 
 
 7
 Second, the district court correctly determined that the fate of the funds once in Shumate's hands was not ripe for decision as no payout has yet occurred. Shumate has a sixty-day rollover period in which to invest the pension funds in another qualified plan. 26 U.S.C. § 402(a)(5). Because it is impossible to know yet whether Shumate will take advantage of this provision, the district court was unable to rule on the bank's ability to garnish the funds once they were turned over to Shumate. Therefore, we affirm both orders of the district court appealed by NCNB. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 The Supreme Court held that Coleman's pension plan contained the requisite restriction on alienation to qualify as a"qualified plan." Patterson v. Shumate 60 U.S.L.W. at 4552