46 F.3d 1130
 75 A.F.T.R.2d 95-581, Pens. Plan Guide P 23905E
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
In Re: Fred Anderson Winkler Jewel Palmer WINKLER, Debtors.
J. Samuel GORHAM, III, Trustee in Bankruptcy, Trustee-Appellant,
v.
Fred Anderson WINKLER; Jewel Palmer Winkler, Debtors-Appellees.
 No. 94-1475.
 United States Court of Appeals, Fourth Circuit.
 Submitted: October 11, 1994.
Decided: January 9, 1995.
 
 Appeal from the United States District Court for the Western District of North Carolina, at Statesville. Graham C. Mullen, District Judge. (CA-92-122-5-MU, BK-90-50319)
 J. Samuel Gorham, III, GAITHER, GORHAM & CRONE, Hickory, NC, for Appellant. Herschel Clinton Cheshire, Hickory, NC, for Appellees.
 W.D.N.C.
 AFFIRMED.
 Before WIDENER, WILKINSON, and MICHAEL, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 The Trustee in Bankruptcy, J. Samuel Gorham, III (Trustee), appeals from the district court's order declaring the debtor's interest in a profit sharing plan excluded from the debtor-participant's bankruptcy estate. We affirm.
 
 
 2
 While in the employ of TSG Corporation, successor-in-interest to Synthetics Finishing of North Carolina, Inc. ("TSG"), Fred Anderson Winkler participated in TSG's profit sharing plan. The plan is tax qualified under 26 U.S.C.A. Sec. 401(k) (West Supp.1994), is subject to the Employment Retirement Income Security Act of 1974, ("ERISA") 29 U.S.C.A. Sec. 1056(d)(1) (West Supp.1994), and contains an anti-alienation provision.*
 
 
 3
 Fred and his wife, Jewel Palmer Winkler, filed a joint petition under Chapter 7 of the Bankruptcy Code and claimed as an exemption, the proceeds of the pension plan. Prior to filing the petition, Fred Winkler's employment with TSG Corporation ceased. Under the terms of the plan, upon cessation of employment, Fred ceased to be a participant in the plan and became entitled to distribution of his vested interest in installments or a lump sum "not later than three years after termination." Subsequent to the Winklers' filing of their bankruptcy petition, TSG terminated the plan.
 
 
 4
 The Trustee moved to abandon the bankruptcy estate's claim to Fred's interest in the plan proceeds. The bankruptcy court denied the motion and ordered that Fred's interest in the proceeds of the profit sharing plan be paid to the bankruptcy estate. On appeal, the district court reversed the bankruptcy court's decision and held that the interest in the plan is excluded from the bankruptcy estate. Winkler v. Gorham, 164 B.R. 728 (W.D.N.C.1994).
 
 
 5
 The Trustee appeals, arguing that because at the time of filing the bankruptcy petition, Fred was no longer a participant in the plan and was awaiting distribution of his interest, the plan proceeds are included in the bankruptcy estate.
 
 
 6
 The bankruptcy estate does not include property that is subject to a restriction on transfer enforceable under "applicable nonbankruptcy law." 11 U.S.C.A. Sec. 541(c)(2) (West 1993). An anti-alienation provision in an ERISA-qualified pension plan is such a restriction on transfer enforceable under "applicable nonbankruptcy law" such that a debtor's interest in such plan may be excluded from the bankruptcy estate. Patterson v. Shumate, 60 U.S.L.W. 4550, 4551-52 (U.S.1992); see Guidry v. Sheet Metal Workers Nat'l Pension Fund, 493 U.S. 365 (1990).
 
 
 7
 As long as the ERISA pension funds had not been distributed, they cannot properly be considered part of the bankruptcy estate. Trucking Employees of N. Jersey Welfare Fund, Inc. v. Colville, 16 F.3d 52, 55-56 (3d Cir.1994); Guidry v. Sheet Metal Workers Int'l Assoc., 10 F.3d 700, 710 (10th Cir.1993) (garnishment of bank account into which pension benefits paid not action against plan and not prohibited by Sec. 541(c)(2)); Velis v. Kardanis, 949 F.2d 78, 82 (3d Cir.1991) (money in unrestricted possession of debtor no longer protected as pension assets); Tenneco Inc. v. First Virginia Bank of Tidewater, 698 F.2d 688, 690-91 (4th Cir.1983); see In re Moore, 907 F.2d 1476, 1480 (4th Cir.1990).
 
 
 8
 Because the proceeds of the pension plan had not been distributed to Fred Winkler, the district court's decision is therefore
 
 
 9
 AFFIRMED.
 
 
 
 *
 Section 11.2 of the plan provides that "[n]o benefit or interest available hereunder shall be subject to assignment or alienation, either voluntarily or involuntarily."