[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-15099
Non-Argument Calendar
_____

D.C. Docket No. 0:11-cr-60175-JAL-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LOUIS B. FUSSELL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(May 30, 2014)

Before TJOFLAT, MARTIN, and JORDAN, Circuit Judges.

PER CURIAM:

Louis Fussell was convicted after pleading guilty to three counts of embezzling public money, in violation of 18 U.S.C. § 641, and ordered to pay $234,183 in restitution to the Social Security Administration.  In this appeal, Fussell challenges the district court's order granting the government's motion to garnish his pension plan to pay the outstanding restitution amount.  He argues that his pension is not subject to garnishment, or alternatively that the Consumer Credit Protection Act (CCPA) precludes the government from garnishing any more than 25 percent of the pension's balance.  After careful review, we affirm.

Whether and to what extent the statutory provisions governing garnishment subject particular property to garnishment is a question of statutory interpretation subject to de novo review.  See, e.g., Wexler v. Anderson, 452 F.3d 1226, 1230 (11th Cir. 2006) ("[W]e review a district court's conclusions of law de novo.").

Generally, the government may enforce criminal restitution orders "against all property or rights to property of the person" ordered to pay restitution.  18 U.S.C. § 3613(a); id. § 3613(f) ("[A]ll provisions of this section are available to the United States for the enforcement of an order of restitution.").  The government may not, however, enforce restitution orders against property exempt from levy for taxes pursuant to 26 U.S.C. § 6334(a)(1)–(8), (10), and (12).  18 U.S.C. § 3613(a)(1).  Of those exemptions, only § 6334(a)(6) could be argued to apply

2

here.[1]  That subsection prohibits the government from enforcing a restitution order against several specific types of pension plans, such as pension payments made under the Railroad Retirement Act or to certain service men and women.  See 26 U.S.C. § 6334(a)(6).

Fussell does not argue that his Florida Retirement System Investment Plan is a type of pension plan exempt from garnishment under the terms of § 6334(a)(6). Instead, he argues that Travelers Insurance Cos. v. Fountain City Federal Credit Union, 889 F.2d 264 (11th Cir. 1989) (per curiam), exempts the pension plan from garnishment regardless of whether the plan falls under one of the statutory exemptions.

In Travelers Insurance, this Court adopted the district court's decision that Employee Retirement Income Security Act (ERISA) pension plans are not subject to garnishment by private parties to enforce civil judgments.  Id. at 265–66.  We were persuaded to reach this conclusion by certain ERISA provisions that do not allow qualifying pension plans to be assigned or alienated.  Id. at 266.

Fussell's opening brief does not acknowledge that ERISA's anti-alienation provision is what motivated this Court in Travelers Insurance.  Neither does his brief point to any record evidence showing that his pension plan is an ERISA plan

---

[1] Fussell also argues that his pension plan is not subject to garnishment because it is income pursuant to § 6334(a)(9).  But § 6334(a)(9) is not among the categories of property exempt from garnishment.  See 18 U.S.C. § 3613(a)(1).

3

or protected by some other anti-alienation provision.  Fussell has therefore waived any argument that his own pension plan is non-alienable and non-assignable, which is the only circumstance which might justify applying the Travelers Insurance anti-garnishment rule to his case.  See United States v. Levy, 416 F.3d 1273, 1278 (11th Cir. 2005) (per curiam) (noting that arguments not raised in the opening brief are waived).

Because Fussell's pension plan does not fall under one of the enumerated exemptions under § 3613(a)(1), and because he has not pointed to facts sufficient to justify application of Travelers Insurance to protect his pension plan, we affirm the district court's decision that the pension plan is subject to garnishment.[2]

We next consider Fussell's alternative argument: that the government garnished a much greater percentage of his pension fund than is permitted under federal law.  Here, the district court ordered the disbursement of $234,093.20 from

---

[2] In deciding the case in this way, we do not reach the more difficult question that would be raised if Fussell had demonstrated that his plan is non-alienable and non-assignable: whether pension plans that are non-alienable and non-assignable under federal law are nevertheless subject to garnishment to enforce criminal orders under § 3613.  The other Circuit Courts that have considered the question have recognized a tension between anti-alienation provisions and § 3613, which seems to allow plans protected by such provisions to be garnished.  See United States v. Novak, 476 F.3d 1041, 1044–45 (9th Cir. 2007) (en banc) (describing the tension). While we do not resolve that tension for our Circuit here, we note that every Circuit Court that has considered the question has resolved it in favor of permitting garnishment of pension plans to satisfy criminal restitution orders even where an anti-alienation provision applies.  See United States v. DeCay, 620 F.3d 534, 540–41 (5th Cir. 2010) (finding that a pension plan protected by an anti-alienation provision is subject to garnishment under plain meaning of § 3613); Novak, 476 F.3d at 1053; see also United States v. Irving, 452 F.3d 110, 126 (2d Cir. 2006) (allowing district courts to consider a defendant's non-alienable retirement plan as a source of funds to pay restitution when issuing a restitution order in the first instance, which depended on the conclusion that the government can enforce restitution orders against such plans).

4

Fussell's pension fund, which had a balance of $262,740.34 at the time the government sought to garnish the funds. This order, he argues, violates the limits on garnishment Congress established in the CCPA.

The CCPA limits garnishment to 25 percent of a person's disposable earnings for a given week. 15 U.S.C. § 1673(a). "Earnings" is "compensation paid or payable for personal services," including "periodic payments pursuant to a pension or retirement program." Id. § 1672(a) (emphasis added); see also Kokoszka v. Belford, 417 U.S. 642, 651, 94 S. Ct. 2431, 2436 (1974) (noting that earnings under the CCPA are "limited to periodic payments of compensation and do not pertain to every asset that is traceable in some way to such compensation" (quotation and alteration marks omitted)).

Based on the plain language of the CCPA, it only protects persons who are already receiving "periodic payments" from their pension plans. 15 U.S.C. § 1672(a); see also DeCay, 620 F.3d at 545 n.11 ("The fact that DeCay possessed the option to either cash-out his retirement account or wait and receive future monthly benefits allows the United States to seek an order compelling the [pension fund] to cashout DeCay's benefits."). Here, Fussell was not yet receiving any payments from his pension plan on July 18, 2012, when the writ of garnishment issued. Indeed, he was not even eligible to receive any payments from the plan until August 1, 2012. Because Fussell was not yet receiving periodic payments

5

from his pension plan, the CCPA does not afford him protection from garnishment.[3]

Fussell makes one final argument in an effort to limit enforcement of the restitution order to 25 percent of his pension plan.  He argues that judicial estoppel prevents the government from seeking more than 25 percent of his pension fund because the government conceded in a different case that it could garnish only 25 percent of that defendant's pension plan under the CCPA.  See United States v. Wilson, No. 3:05-cr-00008, 2007 WL 4557774, at *1 (S.D. Ga. Dec. 20, 2007) ("[A]s conceded by the government, the amount of funds that may be garnished is limited to 25% of Defendant's benefits . . . .").  But as the government points out, Wilson presented different facts.  The Wilson defendant had already begun to receive periodic disbursements from his pension fund, bringing it within the scope of earnings protected by the CCPA.  See id. (noting that the pension fund was currently paying out Wilson's retirement benefits on a monthly basis).  In light of this important distinction, judicial estoppel does not apply here.  The position the government takes now is not inconsistent with the concession it made in Wilson. See United States v. Campa, 459 F.3d 1121, 1152 (11th Cir. 2006) (en banc)

---

[3] Our reliance on the fact that the CCPA protects only periodic payments to resolve Fussell's argument is different from the way the district court resolved his objection.  But we may affirm for any reason supported by the record, even if not relied upon by the district court. United States v. Hall, 714 F.3d 1270, 1271 (11th Cir. 2013).

("Judicial estoppel bars a party from asserting a position in a legal proceeding that is inconsistent with its position in a previous, related proceeding.").

We affirm the district court's order allowing the government to garnish Fussell's pension fund to the extent necessary to enforce the criminal restitution order.

**AFFIRMED.**